# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING DIVISION

| | |
|---|---|
| IN RE: MONITRONICS INTERNATIONAL, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 1:13-md-02493-JPB-JES |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement ("Agreement" or "Settlement Agreement") is entered as of August 29, 2017, between Jason Bennett, Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey ("Plaintiffs"), individually and on behalf of the class defined herein, and Monitronics International, Inc. ("Monitronics"). Plaintiffs and Monitronics are collectively referred to as the "Parties."

## RECITALS

A.     On May 18, 2011, Plaintiff Diana Mey filed a class action complaint against Monitronics, and other defendants, which was removed to the United States District Court for the Northern District of West Virginia, C.A. No. 5:11-cv-90, alleging Monitronics was liable for telemarketing calls made by Monitronics or others in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 (the "TCPA").

B.     On February 19, 2013, Edith Bowler, James Hough, Kenneth Clark, and Janet and Michael Hodgin filed a class action lawsuit against Monitronics in the United States District Court for the Western District of Washington, alleging that Monitronics violated the TCPA

when it, or a third party on its behalf, placed autodialed or prerecorded calls to plaintiffs' residential or cell phones ("*Hodgin* Action").

C.      On July 2, 2013, George Cain filed a class lawsuit in the Southern District of California alleging that Monitronics, or a third party on Monitronics' behalf, unlawfully placed robocalls to residential and cellular telephone numbers ("*Cain* Action").

D.      On July 16, 2013, Kerry O'Shea filed a class action lawsuit in the Central District of California alleging that Monitronics, or a third party on Monitronics' behalf, unlawfully placed robocalls to residential and cellular telephone numbers ("*O'Shea* Action").

E.      On December 16, 2013, the Judicial Panel on Multidistrict Litigation granted Monitronics' motion to transfer the *Hodgin, Cain* and *O'Shea* actions and centralize them, along with the *Mey* action, in this district, thus creating the multidistrict litigation docket, *In re Monitronics International, Inc. Telephone Consumer Protection Action Litigation,* MDL No. 2493 ("the MDL"). Since that time, more than 30 actions have been transferred to this Court for inclusion in the MDL, many of which remain pending and assert claims against Monitronics, including actions brought by Scott Dolemba, Jason Bennett and Philip Charvat.

F.      Plaintiffs filed a Master Consolidated Complaint to consolidate the class claims in the MDL in one pleading on February 28, 2014. (Dkt. 34).

G.      Plaintiffs filed a First Amended Master Consolidated Complaint on June 13, 2014. (Dkt. 139).

H.      Plaintiffs' Second Amended Master Consolidated Complaint, which was filed on November 21, 2014, currently governs the MDL. (Dkt. 255). Plaintiffs allege that Monitronics violated the TCPA by making calls, either directly or through the actions of others, (a) to a cellular telephone number through the use of an automatic telephone dialing system or an

- 2 -

artificial or pre-recorded voice, (b) to a residential telephone number through the use of an artificial or pre-recorded voice, or (c) to a cellular or residential number on the national Do Not Call Registry and which received more than one such call within any twelve-month period.

I.    On December 19, 2014, Monitronics filed its Answer and Affirmative Defenses, denying all liability and asserting various defenses. (Dkt. 280).

J.    The Parties then engaged in class, merits and expert discovery over the course of the discovery period set by the Court, which ended on June 1, 2017.

K.    On June 2, 2017, the Parties participated in a full-day mediation with Bruce Friedman, Esq. of JAMS, an experienced mediator of TCPA class actions. This was the parties' second mediation session with Mr. Friedman, the first session took place on December 8 & 9, 2016, and it culminated in a term sheet that forms the basis of this Settlement Agreement.

L.    Monitronics has at all times denied and continues to deny any wrongdoing and has denied and continues to deny that it violated the TCPA or is liable for others' purported violations of the TCPA, including those of any of its Authorized Dealers or such dealers' sub-dealers or lead generators, or committed any other wrongful act or violation of law.

M.    Plaintiffs' counsel have conducted an extensive investigation of the facts and law underlying the claims asserted in the litigation, including through formal discovery and consultation with their own experts. Based on their evaluation, in consideration of all the circumstances and after prolonged and serious arms' length settlement negotiations, Plaintiffs and their counsel believe that the terms and conditions of this Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

N.      The Parties agree that the Settlement was reached in good faith, following arms'

length bargaining that continued after mediation with Bruce Freidman.

NOW, THEREFORE, the Parties, along with their counsel, in consideration of the

benefits flowing from the Settlement Agreement set forth herein, agree to the Settlement, subject

to Court approval, upon the following terms and conditions.

## AGREEMENT

**1.      DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified

below:

**1.1      "Claim Form"** means the claim form that will be posted to the Settlement

Website that can be downloaded by Settlement Class Members, filled out, and submitted by U.S.

Mail or online, in substantially the form as that attached hereto as Exhibit 1.

**1.2      "Claim Period"** begins the date Publication Notice is first made and Online

Media Notice begins which shall also be the date the Postcard Notice and Email Notice is sent,

and ends ninety days later.

**1.3      "Class Counsel"** means:

John W. Barrett
Jonathan R. Marshall
BAILEY & GLASSER LLP
209 Capitol St.
Charleston, WV 25301


Beth E. Terrell
Jennifer Rust Murray
TERRELL MARSHALL LAW GROUP PLLC
936 N 34th Street, Suite 300
Seattle, WA 98103

- 4 -

Edward A. Broderick
Anthony I. Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

**1.4** **"Class Representatives"** means Jason Bennett, Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey.

**1.5** **"Court"** means the United States District Court for the Northern District of West Virginia, Wheeling Division.

**1.6** **"Debt Collection Calls"** means calls initiated to a current or former Monitronics' customer for the purpose of attempting to collect a debt arising from an account with Monitronics.

**1.7** **"Effective Date"** means the date five business days following the later of the following events: (i) the date upon which the time expires for filing a notice of appeal of the Court's Final Approval Order and Judgment; or (ii) if there is an appeal or appeals of the Final Approval Order and Judgment, five business days after the date of entry of an order affirming the Final Approval Order and Judgment without material modification, and the time for review of that order has run, or entry of an order dismissing the appeal(s).

**1.8** **"Email Notice"** means the notice that is to be emailed to each Settlement Class Member who is identified by the Plaintiffs' expert witnesses, and whose name and email address can be located from records obtained during this litigation, in substantially the form of Exhibit 2 hereto, as provided in Section 4.2(b). Email Notice also will include a reminder notice that will

be sent no later than thirty days before the expiration of the Claim Period to all Settlement Class members for whom an email is available and who have not submitted a claim.

1.9     **"Fee Award***"* means the total amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

1.10    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request that the Court enter the Final Approval Order and Judgment, approve the Settlement Agreement, and approve the Fee Award and the Incentive Awards to the Class Representatives.

1.11    **"Final Approval Order and Judgment"** means a document substantially in the form of Exhibit 3, or in such form as may be ordered by the Court, to be entered by the Court following the Final Approval Hearing.

1.12    **"Incentive Award"** means any amount the Court awards to Plaintiffs to recognize their efforts and risks in prosecuting this litigation on behalf of the Settlement Class.

1.13    **"Long Form Notice"** means the notice of this Settlement Agreement and Final Approval Hearing, which is to be provided to the Settlement Class in accordance with this Agreement and substantially in the form of Exhibit 4, or in such form as may be ordered by the Court.

1.14    **"Monitronics' Counsel"** means:

Meryl C. Maneker
WILSON TURNER KOSMO LLP
550 West C Street, Suite 1050
San Diego, CA 92101

Benjamen S. Dyer
CULP & DYER, L.L.P.
222 E. McKinney Street, Suite 210
Denton, TX 76201

Jeffrey A. Holmstrand
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, WV 26003

**1.15** **"Notice Deadline"** means the deadline for the Settlement Administrator to commence notice by mailing the Postcard Notice, sending Email Notice, beginning Online Media Notice, and publishing the Publication Notice pursuant to the Notice Plan. The Notice Deadline will be sixty business days following entry of the Preliminary Approval Order.

**1.16** **"Notice Plan**" means the plan for disseminating notice to members of the Settlement Class of the Settlement Agreement and of the Final Approval Hearing, as developed by the Settlement Administrator and approved by the Parties and set forth in greater detail in Section 4 herein.

**1.17** **"Objection/Exclusion Deadline"** means the date by which (1) a written objection to this Settlement Agreement, or (2) a written request for exclusion, must be postmarked. The Objection/Exclusion Deadline is ninety days after the Publication Notice is posted, Online Media Notice begins, and the Postcard Notice and Email Notice are sent.

**1.18** **"Online Media Notice"** means the notice given by the placement of advertisements on various Internet and social media sites as provided for in Section 4.2(d) below and in substantially the form as that attached as Exhibit 5.

**1.19** **"Postcard Notice"** means the notice with tear-off claim form that is to be mailed to each Settlement Class Member who is identified by the Plaintiffs' expert witnesses, and whose name and address can be located and for whom an email address was not located, in substantially the form of Exhibit 1, or in such form as may be ordered by the Court.

- 7 -

**1.20** **"Preliminary Approval Order"** means the document substantially in the form of Exhibit 6 or such other order as may be entered by the Court for purposes of preliminarily approving the Settlement Agreement, and certifying the Settlement Class solely for settlement purposes.

**1.21** **"Publication Notice"** means the notice that will be published in print publications as set forth in Section 4 herein and in substantially the form attached hereto as Exhibit 7, or in such form as may be ordered by the Court.

**1.22** **"Released Claims"** means any and all claims, rights, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected, or unsuspected, asserted or unasserted, foreseen or unforeseen actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order and Judgment, that were alleged or could have been alleged in the Second Amended Master Consolidated Complaint that arise out of or relate in any way to Telemarketing Calls received on or after May 18, 2007 through the date of entry of the Final Approval Order and Judgment that were allegedly placed by Monitronics or a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or subdealer, (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, (b) to a residential telephone number through the use of an artificial or pre-recorded voice, or (c) to a cellular or residential number on the national Do Not Call Registry and which received more than one such call within any twelve-month period. Released Claims

do not include claims brought against Alarm.com in the action entitled *Abante Rooter, Inc. et al. v. Alarm.com*, *Inc. et al.,* No. 4:15-cv-06314-YGR (N.D. Cal.). Released Claims also do not include claims against UTC Fire and Security Americas Corp. ("UTCFS") or Honeywell International, Inc. ("Honeywell"), nor do Released Claims include Debt Collection Calls.

1.23    **"Released Parties"** means Monitronics and all of its present or former predecessors, successors, parent entity, subsidiaries, and all of its respective officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, and assigns. Released Parties do not include Alarm.com or Authorized Dealers, subdealers, or lead generators of Alarm.com. Released Parties also do not include UTCFS or Honeywell.

1.24    **"Releasing Parties"** means: (a) Plaintiffs; (b) Settlement Class Members who do not timely opt out of the Settlement Class (whether or not such members submit claims) and their respective present, former or subsequent assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, agents, employees and anyone working on their behalf.

1.25    **"Settlement"** means the compromise and settlement described in this Agreement.

1.26    **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing notice pursuant to the Notice Plan approved by the Court, processing claims, and mailing checks for Settlement Class Members. Settlement Administration Expenses shall be paid from the Settlement Fund.

1.27    **"Settlement Administrator"** means KCC, the independent company that the parties have selected to notify the Settlement Class of the Settlement as described in Section 4 of this Agreement.

- 9 -

**1.28**    **"Settlement Class"** means any persons or entities within the United States who on or after May 18, 2007 through the date of entry of the Final Approval Order and Judgment received a Telemarketing Call made by Monitronics or a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or subdealer: (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, (b) to a residential telephone number through the use of an artificial or pre-recorded voice, or (c) to a cellular or residential number registered on the national Do Not Call Registry more than once within any twelve-month period.

**1.29**    **"Settlement Class Member"** means any person who is included within the definition of the Settlement Class and who has not submitted a valid request for exclusion.

**1.30**    **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to the Settlement Class Member claimants, after payment of Settlement Administration Expenses, the Fee Award to Class Counsel (together with attorney expenses) and any approved Incentive Award to the Class Representatives.

**1.31**    **"Settlement Fund"** means the amount of $28,000,000 that Monitronics has agreed to pay pursuant to the terms of this Settlement Agreement, as set forth in Section 2.1.

**1.32**    **"Settlement Website**" means the website to be created by the Settlement Administrator containing full details and information about the Settlement, including this Agreement and the Notice.

**1.33**    **"Telemarketing Call"** means any call initiated for the purpose of encouraging the purchase or rental of goods or services or alleged to be in violation of any telemarketing law. Debt Collection Calls are not "Telemarketing Calls" for purposes of this Agreement.

2.      **SETTLEMENT RELIEF**

2.1      **Settlement Fund**. Monitronics agrees to pay into a Settlement Fund to be created and maintained by the Settlement Administrator, the amount of $28,000,000 in total and complete satisfaction of all obligations under this Agreement. The Settlement Fund will be used to pay the claims of all Settlement Class Members under this Agreement, Settlement Administration Expenses, any Incentive Awards to the Class Representatives, and any Fee Award to Class Counsel (including any litigation expenses awarded). Under no circumstances will Monitronics have any further payment obligations under this Agreement.

2.2      **Funding of Settlement Fund**. Monitronics will make payments to the Settlement Fund as follows: within ten business days following entry of the Preliminary Approval Order, Monitronics will transfer up to $5,000,000 to the Settlement Administrator (via wire instructions to be provided by the Settlement Administrator to Monitronics). The Settlement Administrator will hold those amounts in escrow until such time as the Settlement Administrator is authorized to pay those funds, including for any authorized up-front notice costs and other costs of administration, pursuant to the Settlement Agreement, or as otherwise ordered by the Court. In the event the Effective Date does not occur, any funds remaining from this payment will be returned to Monitronics.

Following this initial payment, Monitronics shall pay the remainder of the $28,000,000 settlement payment to the Settlement Administrator (via the Settlement Administrator's wire instructions), within ten business days following the Effective Date.

2.3      **Payments To Settlement Class Members**

(a)      As soon as practicable, but no later than thirty days after the Effective Date, the Settlement Administrator shall pay to each Settlement Class Member who filed a valid

- 11 -

claim, a *pro rata* share of the Settlement Fund, after deducting the amount of the Fee Award, any Incentive Awards to the Class Representatives, Settlement Administration Expenses, and such other expenditures as may be authorized by the Court. Such payments shall be mailed to Settlement Class Members via first class mail.

(b)     All payments issued to Settlement Class Members via check will state on the face of the check that the check will become void unless cashed within 180 days after the date of issuance.

(c)     To the extent that any checks to Settlement Class Members remain uncashed after the void date, if it is administratively feasible, the Settlement Administrator shall distribute the funds associated with those checks to Settlement Class Members who cashed their check from the first distribution on a *pro rata* basis. Any remaining funds, including to the extent a second distribution is not administratively feasible, shall be distributed as a *cy pres* award to such organization(s) as the Court may elect in its sole discretion. The Parties agree to propose the Consumer Federation of America as the *cy pres* recipient.

## 3.     RELEASE OF CLAIMS

**3.1**     Plaintiffs and each Settlement Class Member their assigns, heirs, executors, administrators, successors, and agents hereby release, resolve, relinquish and discharge each and all of the Released Parties from any and all claims, rights, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected, or unsuspected, asserted or unasserted, foreseen

- 12 -

or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of

the date of the Final Approval Order and Judgment, that were alleged or could have been alleged

in the Second Amended Master Consolidated Complaint that arise out of or relate in any way to

Telemarketing Calls received on or after May 18, 2007 through the date of entry of the Final

Approval Order and Judgment that were allegedly placed by Monitronics or a Monitronics

Authorized Dealer, or an Authorized Dealer's lead generator or subdealer, (a) to a cellular

telephone number through the use of an automatic telephone dialing system or an artificial or

pre-recorded voice, (b) to a residential telephone number through the use of an artificial or pre-

recorded voice, or (c) to a cellular or residential number registered on the national Do Not Call

Registry and which received more than one such call within any twelve-month period, which are

the Released Claims. Released Claims specifically do not extend to any claims Plaintiffs and

Settlement Class Members may have against (1) Alliance Security, Inc., (2) Alarm.com or

Authorized Dealers, subdealers, or lead generators of Alarm.com, (3) UTCFS, or (4) Honeywell.

Released Claims also do not extend to any claims Plaintiffs and Settlement Class members may

have arising from Debt Collection Calls.

      Plaintiffs and Settlement Class Members further agree that they will not institute any

action or cause of action or claims, known or unknown, fixed or contingent, which they have or

claim to have in any state or federal court, or with or through any state, federal or local

government agency or with any administrative or advisory body, arising from the above

Released Claims.

      **3.2**    Upon the Effective Date, Plaintiffs and Settlement Class Members shall be

deemed to have, and by operation of the Final Approval Order and Judgment shall have,

expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights

and benefits of Section 1542 of the California Civil Code, or any other similar provision under

federal or state law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME
> OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or

different from those they now know or believe to be true with respect to the subject matter of

the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of

the Final Approval Order and Judgment shall have, fully, finally, and forever settled and

released any and all of the claims released pursuant to the Released Claims whether known or

unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or

heretofore have existed upon any theory of law or equity now existing or coming into existence

in the future, including, but not limited to, conduct that is negligent, intentional, with or

without malice, or a breach of any duty, law or rule, without regard to the subsequent

discovery or existence of such different or additional facts. However, the Settlement

Agreement is not intended to and does not prohibit a Settlement Class Member from

responding to inquiries posited by federal, state or local agencies and/or law enforcement, even

if the inquiries relate to the Released Claims. Similarly, the Settlement Agreement is not

intended to and does not prohibit a Settlement Class Member from bringing his or her concerns

to federal, state or local agencies and/or law enforcement, even if those inquiries relate to the

Released Claims, provided that a Settlement Class Member is not attempting to revive any

Released Claim.

**3.3**     The Parties intend that this Settlement Agreement will fully and finally dispose of Plaintiffs' claims against Monitronics, which shall be dismissed with prejudice, along with any and all Released Claims against the Released Parties. The Settlement Agreement does not resolve Plaintiffs' claims against any other defendant named in the Second Amended Master Consolidated Complaint.

**3.4**     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4.     NOTICE TO THE CLASS**

**4.1**     As soon as practicable but no later than sixty days following entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Publication Notice, Online Media Notice, and Email Notice to be made and, where available, the Postcard Notice to be mailed, to Settlement Class Members. Such notice shall comport with Rule 23 of the Federal Rules of Civil Procedure, and be effectuated pursuant to the Notice Plan set forth in Section 4.2, the costs of which shall be deemed part of the Settlement Administration Expenses, and which shall be paid from the Settlement Fund. The Parties expressly agree that the initial out-of-pocket costs of the Publication Notice and Notice Postcard shall be paid from the initial payment provided for in Section 2.2, and that once incurred such out-of-pocket costs shall not be refundable in the event of termination of this Settlement of the failure of this Settlement to become effective.

**4.2**     The Notice Plan, which was developed in consultation with the Settlement Administrator, consists of the following:

(a)     *Identifying the Settlement Class.* During the litigation, Plaintiffs identified 7,789,972 telephone numbers associated with potential Settlement Class members. Plaintiffs obtained from Defendants and Defendants' vendors records containing names, postal addresses, and email addresses for 4,357,689 of these telephone numbers. Plaintiffs obtained from Defendants and Defendants' vendors names and postal addresses (but not email addresses) for another 158,221 of these telephone numbers. For the remaining 3,274,062 telephone numbers, the Settlement Administrator shall perform "reverse lookups" to identify names and physical addresses associated with these telephone numbers.

(b)     *Emailed Notice*. Subject to the approval of the Court, within five days after entry of Preliminary Approval Order, Plaintiffs' counsel will provide the Settlement Administrator with the names, postal addresses and email addresses they have obtained. As soon as practicable but no later than sixty days after entry of the Preliminary Approval Order, the Settlement Administrator shall send the Email Notice to the 4,357,689 Settlement Class members for whom an email address was located in Defendants or Defendants' vendors' records.

(c)     *Mailed Notice.* Subject to the approval of the Court, as soon as practicable but no later than sixty days after entry of the Preliminary Approval Order, the Settlement Administrator shall send the Postcard Notice via first class mail to all Settlement Class members for whom a mailing address could be obtained either from Defendants or Defendants' vendors' records or through the reverse lookup process set forth in Section 4.2(a) above and for whom an email address was not available in Defendants or Defendants' vendors' records. The Settlement Administrator also shall send a Postcard Notice to any Settlement Class member for whom a postal address can be located who was initially sent an Email Notice and the Email Notice bounced back. Before sending the Postcard Notice, the Settlement Administrator shall update the

- 16 -

postal address using the National Change of Address database. If a Postcard Notice is returned with a forwarding address, the Settlement Administrator shall promptly re-mail the Postcard Notice to the updated address. If a Postcard Notice is returned undeliverable, the Settlement Administrator shall perform one "skip trace" to try to find a good address.

(d)     *Media Notice*. As soon as practicable but no later than sixty days after entry of the Preliminary Approval Order, the Settlement Administrator will commence a media campaign approved by the Court that is designed to reach over 70% of all adults residing in the United States who are 25 years of age and older. The media campaign will include publication of the Publication Notice in People Magazine and Better Homes and Gardens, and the placement of targeted ads on widely-used Internet and social media sites.

(e)     *Settlement Website.* As soon as practicable but no later than sixty days after entry of the Preliminary Approval Order, this Agreement and the Long Form Notice shall be made available on a website, which shall be obtained, created, and administered by the Settlement Administrator (the "Settlement Website") and shall include the ability to submit a Claim Form online. The Long Form Notice on the Settlement Website shall be substantially in the form attached hereto, or in such form as may be ordered by the Court. The Email Notice, Postcard Notice, Publication Notice, and Online Media Notice will refer Settlement Class members to the Settlement Website.

(f)     *Email reminder.* The Settlement Administrator will send an email no later than thirty days before the expiration of the Claim Period to all Settlement Class Members for whom an email address is available and who have not submitted claims. The email will remind Settlement Class Members to submit claims and the date to do so.

- 17 -

4.3     Any member of the Settlement Class may object to this Agreement by sending to the Court and the Settlement Administrator a written statement that includes: his or her full name; address; telephone number where he or she may be contacted; the telephone number or numbers that he or she maintains were called; all grounds in detail for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; a statement of the identity (including name, address, phone number and email) of any lawyer who will be representing the individual with respect to any objection, and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Such objection must be filed with the Court and sent to the Settlement Administrator with a postmark date on or before the Objection/Exclusion Deadline. The Settlement Administrator shall forward any objections received to counsel for the Parties within three business days of receipt.

Any member of the Settlement Class who fails to timely file a written objection in accordance with the terms of this sub-section shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections.

4.4     Any member of the Settlement Class may request to be excluded ("opt-out") from the Settlement Class by sending, by first class mail, a written request for exclusion to the Settlement Administrator postmarked on or before the Objection/Exclusion Deadline. The request for exclusion must include the Settlement Class Member's full name, address, and telephone number where he or she may be contacted, the telephone number(s) which he or she

maintains was called, and a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement of this litigation, and personally signed by the member of the Settlement Class submitting the request. A request to be excluded that does not include all of the foregoing information, or that is not sent to the Settlement Administrator, or that is not postmarked within the time specified, shall be invalid, and any person serving such a request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement, if approved. If a member of the Settlement Class submits both a Claim Form and a request for exclusion, the former shall govern and any request for exclusion will be treated as having been withdrawn. The Settlement Administrator will provide a list of those members of the Settlement Class who have requested exclusion each week with its weekly reports, along with copies of each request received, and a final list of everyone who has requested exclusion no later than five business days after the Objection/Exclusion Deadline.

Any member of the Settlement Class who requests to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. So-called "mass" or "class" opt-outs shall not be allowed.

**5.      CLAIMS PROCESS**

**5.1**      A Settlement Class Member must submit a Claim Form in order to make a claim, either by mail or online. To be valid, the Claim Form must contain the full name, mailing address of the Settlement Class Member, and the telephone number at which he or she can be reached. The Claim Form must also include the telephone number(s) the Settlement Class Member maintains received alleged unlawful calls from Monitronics, a Monitronics Authorized Dealer, or a sub-dealer or lead generator of a dealer. Claim Forms submitted by mail must be post-marked

- 19 -

by the last day of the Claim Period. Claim Forms submitted through the Settlement Website must be submitted on or before the last day of the Claim Period. The Settlement Class Member must sign the claim form, verifying that all information on the form is accurate and that the Settlement Class Member received allegedly unlawful calls from Monitronics, a Monitronics Authorized Dealer, or a sub-dealer or lead generator of a dealer.

      **5.2**      No later than fifteen days after the close of the Claim Period, the Settlement Administrator will review each claim that is submitted within the Claim Period. If the claim is timely, sets forth the information required in Section 5.1, is signed (by written or electronic signature), and is not duplicative of a previously approved claim, then the Settlement Administrator will approve the claim. If a claim is denied as deficient in that it lacks a signature or any of the information required in Section 5.1, the Settlement Administrator will provide the Settlement Class Member with an opportunity to cure the deficiency by sending an email or letter describing the deficiency and informing the Settlement Class Member that he or she has fourteen days to correct the issue. The Settlement Administrator will provide reports weekly to the Parties' counsel on the number of claims that are received, the number that were denied, the number found to be deficient, and the number that were approved as well as the number of requests for exclusion and objections received, along with copies of both. If there are any disputes over the validity of a claim, the Parties' counsel will attempt to resolve such disputes between themselves, and if not successful, the disputes will be promptly presented to the Court for resolution.

      **5.3**      Each Settlement Class Member is entitled to make only a single claim, regardless of the number of calls claimed to be received on any cellular or residential telephone number.

6.     **SETTLEMENT ADMINISTRATION**

    **6.1**    The Settlement Administrator retained by the Parties shall have the following duties:

          a.    Identify physical addresses for Settlement Class members through reverse lookups as set forth in Section 4 above;

          b.    Prepare the Email, Long Form, Postcard, Online Media and Publication Notices, in substantially the form as those attached to this Agreement as approved by the Court;

          c.    Implement the Notice Plan set forth in Section 4 above;

          d.    Create and maintain the Settlement Website;

          e.    Establish a dedicated toll-free number with interactive voice recognition and available live operators;

          f.    Process, log, and review claims for deficiencies and/or fraud, and address deficiencies with claimants providing them with an opportunity to cure, as provided for in Section 5.2;

          g.    Calculate Settlement Class Member awards and distribute awards to Settlement Class Members who file valid claims, maintain a bank account to contain the Settlement Fund, maintain all required records, make a second distribution as provided for in Section 2.3(c), if necessary, and distribute any funds remaining from uncashed checks to the Consumer Federation of America;

          h.    Provide the Parties with weekly reports regarding the status of the Notice Plan, and number of claims, exclusion requests, and objections received;

          i.    Maintain copies of exclusion requests and objections; and

> j.     Provide declarations to the Court in support of preliminary and final settlement approval.

**6.2**     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by completing its duties in a reasonable, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law and in accordance with its normal business practices, including but not limited to a summary of work performed by the Settlement Administrator, and an accounting of all amounts paid from the Settlement Fund to Settlement Class Members. Such records will be provided to Class Counsel and Monitronics' Counsel and to the Court along with the motion for final approval.

**6.3**     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**6.4**     The Settlement Administrator, with approval by the Parties, shall be responsible for compliance with the applicable provisions of the Class Action Fairness Act ("CAFA"), including the notice requirements in 28 U.S.C. § 1715.

**6.5**     As soon as practicable after the conclusion of the Settlement Administrator's obligations to provide notice and administer the settlement, the Settlement Administrator shall provide Class Counsel and Monitronics' Counsel with an appropriate declaration outlining compliance with those obligations.

**7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER AND JUDGMENT**

**7.1**     Within seven days of the execution of this Agreement, Plaintiffs shall submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of the Preliminary Approval Order, which shall, among other things, preliminarily approve this Settlement Agreement, certify the Settlement Class for settlement purposes only, appoint Plaintiffs' counsel as Class Counsel and Plaintiffs as the Class Representatives, set a date for a Final Approval Hearing, which shall be scheduled no earlier than one hundred and eighty days after entry of the Preliminary Approval Order, in order to comply with the requirement of CAFA, or such other time as the Court shall approve the Online Media Notice, Publication Notice, Long Form Notice and Postcard Notice for dissemination in accordance with the Notice Plan.

**7.2**     Monitronics does not oppose the certification of the Settlement Class for settlement purposes only.  Certification of a Settlement Class shall not be deemed a concession that certification of a class is otherwise appropriate.  Monitronics preserves its arguments that a litigation class would not be manageable and could not be properly certified pursuant to Federal Rule of Civil Procedure 23. If this Agreement is not approved by the Court or is otherwise terminated or voided, the certification of the Settlement Class shall be void and there will be no waiver, estoppel or preclusive effect given to this Agreement in any litigated proceedings.

**7.3**     Class Counsel shall submit to the Court evidence and legal argument to support the Final Approval Order and Judgment, which shall (among other things):

(a)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits hereto;

        (b)       grant final approval of the Settlement Agreement and likewise approve the Settlement as fair, reasonable and adequate as to, and in the best interests of Settlement Class Members; direct the Parties and their counsel to implement the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties;

        (c)       find that the Notice Plan implemented pursuant to the Agreement (1) constituted the best practicable notice under the circumstances; (2) constituted notice that is reasonably calculated to apprise members of the Settlement Class of the pendency of this litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all entities and individuals entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

        (d)       find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

        (e)       dismiss Monitronics from the action (including, without limitation, all individual claims, Settlement Class Member claims and Released Claims asserted therein against the Released Parties) on the merits and with prejudice, without fees or costs to either Monitronics or Plaintiffs except as expressly provided in the Settlement Agreement;

        (f)       approve and incorporate the Releases set forth herein and forever discharge the Released Parties from the Released Claims as set forth herein; and

- 24 -

(g)     without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment, and for any other necessary purpose; and

(h)     set forth any other provisions, as the Court deems necessary and just.

## 8.    CLASS COUNSEL'S FEE AWARD AND PLAINTIFFS' INCENTIVE AWARDS

**8.1**     Class Counsel shall apply to the Court for the Fee Award of up to one-third of the Settlement Fund of $28,000,000, plus out-of-pocket costs incurred by Class Counsel in this litigation, which are currently estimated to be $648,641. Nothing in this Agreement requires Monitronics or its counsel to take any position with respect to any motion or request made as contemplated by this Section. If the Fee Award entered by the Court is less than that sought by Class Counsel, the difference will become part of the Settlement Class Recovery.

**8.2**     Class Counsel shall file their motion for attorney's fees and litigation costs or expenses thirty days before the Exclusion/Objection deadline. Class Counsel shall post their fee petition to the Settlement Website within twenty-four hours of filing the fee petition with the Court.

**8.3**     The Settlement Administrator shall pay the amount of the Fee Award approved by the Court to Class Counsel, from the Settlement Fund and subject to the terms of this Settlement, no later than thirty days after the Effective Date.

**8.4**     Class Counsel shall apply to the Court for Incentive Awards for the Class Representatives in an amount to be determined and approved by the Court in its sole discretion. Class Counsel intends to request that Plaintiffs Mey and Charvat be awarded $50,000 each; Plaintiff Bennett $6,012; and Plaintiffs Dolemba, J. Hodgins, and M. Hodgins $3,500.

- 25 -

**8.5**     The Incentive Awards, if approved by the Court, shall be paid by the Settlement

Administrator from the Settlement Fund, no later than thirty days after the Effective Date.

**9.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

**9.1**     This Settlement Agreement shall not become effective unless and until each of the

following events has occurred:

(a)     This Agreement has been signed by Plaintiffs, Monitronics, and Class

Counsel;

(b)     The Court has entered the Preliminary Approval Order; and

(c)     The Court has entered the Final Approval Order and Judgment, following

notice to the Settlement Class and a Final Approval Hearing, or a final approval order and

judgment substantially consistent with this Agreement; and

(d)     All appeals have been resolved or the time for filing any appeal has run.

**9.2**     If this Agreement is terminated or is not approved by the Court or an order

approving the Agreement is reversed on appeal, the Parties shall be restored to their respective

positions in the MDL as of the date of the signing of this Agreement. In such event, any Final

Approval Order and Judgment or other order entered by the Court in accordance with the terms

of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to

the *status quo ante* with respect to the litigation as if this Agreement had never been entered into.

If the termination or failure to become effective occurs before the Preliminary Approval Order is

entered, the Parties agree that Monitronics shall have no obligation to make any payment to the

Settlement Administrator and that any sums on deposit with the Settlement Administrator shall

be returned to Monitronics. If the termination or failure to be approved occurs after the initial

payment, provided for in Section 2.2, above, has been made to the Settlement Administrator and

- 26 -

charges have been incurred, then any sums not necessary for incurred expenses, or already expended upon notice at the time of the termination or failure to be approved shall be returned to Monitronics.

## 10.    DEFENDANT'S OPTION TO TERMINATE

**10.1**    Defendant has the option to terminate this Settlement Agreement and thereby render the Settlement Agreement null and void, if (a) the Court fails to give preliminary approval to this Settlement Agreement or any aspect of the settlement, or fails to give final approval to this Settlement Agreement or any aspect of the Settlement; (b) the Court modifies the Agreement, the proposed Preliminary Approval Order or proposed Final Approval Order in a way that Monitronics reasonably considers to be material; (c) the number of valid and timely requests for exclusion (opt-outs) by individuals equals or exceeds one percent (1%) of the total number of individuals in the Settlement Class who are sent Postcard Notice as provided in Section 4.2(a), above; or (d) upon such other grounds as may be agreed to by the Parties or permitted by the Court. Defendant's option to terminate shall be communicated in writing to Class Counsel within seven days after receiving a report of the numbers of opt-outs certified by the Settlement Administrator following the last date for members of the Settlement Class to opt-out.

## 11.    NO ADMISSION OF LIABILITY

**11.1**    Monitronics has denied and continues to deny any liability or wrongdoing of any kind with respect to the claims that are or could have been alleged in the Second Amended Master Consolidated Complaint. It is specifically understood and agreed that this Agreement does not constitute and is not to be construed as an admission by Monitronics of: (a) any fact or liability; (b) any violation of any federal, state, local or common law, statute, policy or

regulation, including but not limited to the Telephone Consumer Protection Act and all other Released Claims; and (c) the commission by Monitronics of any other actionable wrong.

## 12.     NON-DISPARAGEMENT

12.1     The Class Representatives agree, as of the Effective Date, that they will not disparage, denigrate, or defame Monitronics or any other of the Released Parties as defined herein.  Monitronics agrees, as of the Effective Date, that its officers, directors, and its upper management will not disparage, denigrate, or defame the Class Representatives.  Nothing in this Agreement shall prohibit or restrict the Class Representatives from (a) testifying regarding Monitronics in any hearing, deposition, or legal proceeding; (b) communicating with other class members or potential class members as to their rights under the Agreement; or (c) communicating regarding the facts or law of the underlying litigation with any person who may seek their advice, guidance, or information with respect to potential TCPA claims against any party.   Nothing in this Agreement shall prohibit or restrict Monitronics from communicating regarding the MDL proceedings and its defense of the allegations made against it in the MDL proceedings.  Any disputes regarding compliance with this provision will be resolved through mediation at a location agreed upon by the parties.

## 13.     MISCELLANEOUS PROVISIONS

13.1     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement. Class Counsel and Monitronics' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order and Judgment, and to agree

upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**13.2** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims and this litigation.

**13.3** The Parties have relied upon the advice and representation of their respective counsel concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to its legal effect by their respective counsel and intend to be legally bound by the same.

**13.4** The Settlement and this Agreement represent a negotiated compromise, and regardless whether the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by a Class Representative, the deficiency of any defense that has been or could have been asserted in the litigation, the violation of any law or statute, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b) is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

- 29 -

(c)      is, may be deemed, or shall be construed against Plaintiffs and the

Settlement Class, or each or any of them, or against the Released Parties, or each or any of them,

as an admission, concession, or evidence that any of Plaintiffs' or the Settlement Class's claims

are with or without merit or that damages recoverable in the MDL would have exceeded or

would have been less than any particular amount.

13.5    Unless the context of this Agreement requires otherwise, the plural includes the

singular, the singular includes the plural, and "including" has the inclusive meaning of

"including without limitation." The words "hereof", "herein", "hereby", "hereunder", and other

similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any

particular provision of this Agreement. All pronouns and any variations thereof will be deemed

to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or

persons may require.

13.6    The waiver by one Party of any breach of this Agreement by any other Party shall

not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

13.7    Except as otherwise provided herein, each Party shall bear its own costs and

attorneys' fees.

13.8    Each counsel or Party executing this Settlement Agreement, any of its Exhibits, or

any related settlement documents on behalf of any party hereto hereby warrants and represents

that such party has the full authority to do so and has the authority to take appropriate action

required or permitted to be taken pursuant to the Agreement to effectuate its terms.

13.9    This Agreement may be executed by the Parties in one or more counterparts, each

of which shall be deemed an original but all of which together shall constitute one and the same

instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

**13.10**   Neither this Settlement Agreement nor any of its provisions nor any of the referenced documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order), negotiations, or proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including the Defendant; and shall not be offered or received in evidence, or subject to discovery, in this or any other action except in proceedings brought to enforce the terms of this Settlement Agreement or except as may be required expressly by law or court order. The provisions of this Section shall be binding regardless of whether this Settlement Agreement is approved by the Court, is terminated, or otherwise fails to become effective or whether the Settlement is rendered void for any reason.

**13.11**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**13.12**   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

**13.13**   By signing below, Class Representatives and Class Counsel hereby represent that as of the date of the execution of this Agreement, they are not aware of any other claims held by them or by their clients against Monitronics based upon allegations of violations of the any federal or state law regarding telemarketing calls.

- 31 -

**13.14** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of West Virginia.

**13.15** The Parties agree that the Court will retain jurisdiction over any disputes regarding the interpretation or implementation of this Agreement and the settlement memorialized herein. IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Class:**

_____     Date:  $\theta$-30-17

Jason Bennett

_____     Date:  _____

Philip J. Charvat

_____     Date:  _____

Scott Dolemba

_____     Date:  _____

Michael Hodgin

_____     Date:  _____

Janet Hodgin

_____     Date:  _____

Diana Mey

- 32 -

**13.14**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of West Virginia.

**13.15**   The Parties agree that the Court will retain jurisdiction over any disputes regarding the interpretation or implementation of this Agreement and the settlement memorialized herein.  IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Class:**

_____   Date: _____
Jason Bennett

_____   Date: 8/29/17
Philip J. Charvat

_____   Date: _____
Scott Dolemba

_____   Date: _____
Michael Hodgin

_____   Date: _____
Janet Hodgin

_____   Date: 8/29/17
Diana Mey

- 32 -

**13.14**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of West Virginia.

**13.15**   The Parties agree that the Court will retain jurisdiction over any disputes regarding the interpretation or implementation of this Agreement and the settlement memorialized herein.  IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Class:**


_____          Date: _____
Jason Bennett


_____          Date: _____
Philip J. Charvat


_____          Date: 8.30.17
Scott Dolemba


_____          Date: _____
Michael Hodgin


_____          Date: _____
Janet Hodgin


_____          Date: _____
Diana Mey

- 32 -

13.14  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of West Virginia.

13.15  The Parties agree that the Court will retain jurisdiction over any disputes regarding the interpretation or implementation of this Agreement and the settlement memorialized herein. IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Class:**

_____          Date: _____
Jason Bennett

_____          Date: _____
Philip J. Charvat

_____          Date: _____
Scott Dolemba

_____          Date:  ᴅB-29-2017
Michael Hodgin

_____          Date:  8/29/17
Jane Hodgin

_____          Date: _____
Diana Mey

- 32 -

_____          Date:    August 31, 2017
John Barrett
Bailey & Glasser LLP
Co-Lead Counsel


_____          Date:    August 29, 2017
Beth Terrell
Terrell | Marshall Law Group PLLC
Co-Lead Counsel



**For Monitronics International, Inc.:**


_____          Date:    8 - 30 - 17
William E. Niles
Executive Vice President
Monitronics International, Inc.



_____   Date:    8 - 31 - 17
Jeffrey A. Holmstrand
GROVE, HOLMSTRAND & DELK, PLLC
Monitronics' Counsel

Meryl C. Maneker
WILSON TURNER KOSMO LLP
Monitronics' Counsel

Benjamen S. Dyer
CULP & DYER, L.L.P.
Monitronics' Counsel


- 33 -

# EXHIBIT 1

Monitronics Settlement Administrator
P.O. Box xxxxx
xxxxxxxxx, XX  xxxxx-xxxx

**A COURT AUTHORIZED
THIS LEGAL NOTICE**

**If you received telemarketing calls from
or on behalf of Monitronics or a
Monitronics Authorized Dealer, you may
be entitled to benefits under a
class action settlement.**

A settlement has been reached in a class action lawsuit, *In Re: Monitronics Int'l, Inc. TCPA Litigation*, No. 1:13-md-02493 (U.S. District Court N.D. WV.), where Plaintiffs allege that Monitronics, its Authorized Dealers, or third parties hired by those Authorized Dealers caused telemarketing calls to be placed, including autodialed and/or pre-recorded calls, as well as calls to numbers on the National Do Not Call Registry.

**MTA**

<<Barcode>>

Postal Service: Please do not mark barcode

Claim#: MTA-<<ClaimID>>-<<MailRec>>
<<First1>> <<Last1>>
<<CO>>
<<Addr2>>
<<Addr1>>
<<City>>, <<St>>  <<Zip>>
<<Country>>

---

Carefully separate at perforation

MTACRD032

Claim ID: «ClaimID»

**Monitronics Telemarketing Settlement Claim Form**

To make a claim, fill out each section of this Form, sign where indicated, carefully tear at perforation, and mail. Forms must be postmarked by Month XX, XXXX. You may also complete your Claim Form online at www.XXX.com. Please have your Claim ID ready.

**Part I: Claimant Identification.** Instructions: Fill out each section of this Form, sign where indicated, carefully tear at perforation, and drop in the mail.

Name (First, Last): _____

Street Address: _____

City: _____ State: _____ Zip Code: _____

Foreign Country (only if not USA): _____

Contact Phone #:  (_____) _____ - _____

**Part II: Claim.    Unqiue Identifier:** <<ClaimID>>

Phone number(s) at which you received calls from Monitronics, an Authorized Dealer, or a sub-dealer or lead generator of a dealer:

Phone 1: (_____) _____ – _____

Phone 2: (_____) _____ – _____

Phone 3 (_____) _____ – _____

**Part III:  Certification.**  By submitting this Claim Form, I certify that I believe I received unlawful telemarking calls from Monitronics, a Monitronics Authorized Dealer, or sub-dealer or lead generator of an Authorized Dealer and that the foregoing information is true and correct.

Signature : _____

Date (mm/dd/yyyy): _____

Print Name: _____

  «ClaimID»                    **MTA**

You may be in the Settlement Class if, on or after May 18, 2007, you received an automated telemarketing call on your cell phone or a telemarketing call to your residential line using an artificial or prerecorded voice or if you received multiple calls in a twelve-month period to a number on the National Do Not Call list.

### SETTLEMENT TERMS

Monitronics will pay $28,000,000 into a fund that will cover: (1) cash payments to eligible Settlement Class Members who submit valid Claim Forms; (2) attorneys' fees (up to $9,333,333) plus litigation costs ($xxx,xxx), as approved by the Court; (3) incentive awards in an amount equal to $50,000 to Plaintiffs Mey and Charvat, $6,012 to Plaintiff Bennett, and $3,500 to Plaintiffs Hodgins and Dolemba; and (4) the costs of administering the settlement. Plaintiffs estimate you will receive between $15-25. However, your share of the Fund will depend on the total number of claims made.

### YOUR RIGHTS AND OPTIONS

Unless you exclude yourself, you will be legally bound by the Settlement and you will not be able to sue or continue to sue Monitronics for any claim resolved by this Settlement and released by the Settlement Agreement.

**Submit a Claim Form**. To receive a cash award, fill out the attached Claim Form, carefully tear off at the perforation, and drop it in the mail. You may submit a Claim Form online at www.monitronicssettlement.com. You may request a paper Claim Form by calling 1-XXX-XXX-XXXX or you may download a Claim Form on the Settlement Website. Settlement Class Members may only submit one claim. Your Claim Form must be postmarked or submitted online by Month XX, XXXX.

**Opt Out**. You may exclude yourself from the lawsuit and keep your right to sue Monitronics on your own by sending a written request for exclusion to the Settlement Administrator postmarked by Month XX, XXXX. If you exclude yourself, you will not get a cash payment, but you will not be bound by the Settlement. Visit the Settlement Website for more details.

**Object**. If you do not opt out, you have the right to object to the proposed Settlement. Objections must be signed, postmarked by Month XX, XXXX, and provide the reasons for the objection. Visit the Website for more details.

**Do Nothing**. If you do nothing, you will be considered part of the Settlement Class, you will not receive any payment, you will lose the right to sue Monitronics regarding any issues relating to this action. and you will be bound by the Court's decisions.

**Attend the Final Approval Hearing**. The Court has set a hearing to decide whether the Settlement should be approved on Month XX, XXXX at X:00 _.m. at the United States District Court for the Northern District of West Virginia, **1125 Chapline Street, Wheeling, WV 26003**. All persons who timely object to the Settlement by Month XX, XXXX may ask to appear in person or through their attorney at the Final Approval Hearing.

**You can find more details about the settlement on the website: www.monitronicssettlement.com or by calling toll free 1-XXX-XXX-XXXX. Please do not contact the Court.**

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL   PERMIT NO. xxxx    xxxxxxxxx, XX

POSTAGE WILL BE PAID BY ADDRESSEE

Monitronics Settlement Adminstrator
P.O. BOX XXXXXXX
XXXXXXXX XX XXXXX-XXXX


**MTA**

# EXHIBIT 2

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA</u>

If you received telemarketing calls from Monitronics or from or on behalf of a Monitronics Authorized Dealer, you may be entitled to benefits under a class action settlement.

**<u>Why did I get this Notice</u>?**  You received this email Notice because a proposed settlement of a class action lawsuit filed against Monitronics International, Inc. ("Monitronics") has been reached in the United States District Court for the Northern District of West Virginia (*In re Monitronics International, Inc. TCPA Litigation*, Case No. 1:13-MD-02493) (the "Settlement").

You may be in the Settlement Class because on or after May 18, 2007 you may have received, without your permission: (a) automated telemarketing calls to your cellular telephone; (b) telemarketing calls using an artificial or pre-recorded voice to your cellular telephone or residential line; or (c) telemarketing calls to a telephone number that was registered on the National Do-Not-Call Registry.  These must have been made by Monitronics, a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or subdealer.

The Court authorized this Notice because you have a right to know about the proposed Settlement and your options before the Court decides whether to approve the Settlement.  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

**<u>What is this lawsuit about?</u>**  Plaintiffs brought this lawsuit alleging that Monitronics, a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or sub-dealer violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") by making or retaining others to make automated telemarketing calls to cellular telephones, and making calls using an artificial or pre-recorded voice to a residential line, and calling telephone numbers registered on the National Do-Not-Call Registry without the prior permission from the people contacted. This case is known as *In Re: Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, Case No. 1:13-MD-02493 in the United States District Court for the Northern District of West Virginia.

Monitronics denies all allegations of wrongdoing in the lawsuit. The Court did not decide in favor of the Plaintiffs or Monitronics. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation.

**<u>What are the terms of the Settlement?</u>**  Monitronics will pay $28,000,000 into a Settlement Fund that will cover: (1) cash payments to eligible Settlement Class Members who submit valid Claim Forms; (2) attorneys' fees to Class Counsel, in an amount not to exceed one-third of the Settlement Fund (up to $9,333,332) as approved by the Court; (3) Class Counsel's out-of-pocket expenses currently estimated to be $xxx,xxx as approved by the Court; (4) court-approved Incentive Awards in the amount of $50,000 each to Plaintiffs Mey and Charvat; $6,012 to Plaintiff Bennett; and $3,500 each to Plaintiffs Hodgins and Dolemba; and (5) the costs of administering the Settlement. Plaintiffs estimate you will receive approximately $15-$25. However, your share of the fund will depend on the total number of Claim Forms that Settlement Class Members submit.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

Unless you exclude yourself, you will be legally bound by the settlement and you will not be able to sue or continue to sue Monitronics for any legal claim resolved by this settlement or released by the <u>Settlement Agreement</u>.

**<u>Submit a Claim Form</u>.** To get a cash payment, you must submit a Claim Form by **MONTH, DAY, YEAR**. You may submit a Claim Form by going to the Settlement Website at <u>www.monitronicssettlement.com</u> and following the instructions. You may also request a paper copy of the Claim Form by calling the Settlement Administrator toll-free at 1-XXX-XXX-XXXX.

**Exclude yourself.**  If you don't want a payment from this settlement *and* you want to keep the right to sue or continue to sue Monitronics you must exclude yourself from the settlement. To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from the *In re Monitronics International, Inc. TCPA Litigation* settlement. You must sign the letter and include the following statement: "I request to be excluded from the Settlement in the Monitronics action." Your request for exclusion must include your full name, address, and telephone number at which you may be contacted; the telephone number(s) which you maintain was unlawfully called; and must be personally signed by you. You must mail your exclusion request postmarked no later than MONTH, DAY, YEAR to the following address:

Monitronics Settlement Administrator
PO Box x
***, **, *****

If you ask to be excluded, you will not get a payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

**Object**.  If you remain a Settlement Class Member, you may object to the Settlement by writing to the Court and Settlement Administrator by no later than MONTH, DAY, YEAR. Additional details on how to object to the Settlement are contained in the detailed notice which is available on the Settlement Website at www.monitronicssettlement.com.

**Go to the Fairness Hearing**.  The Court will hold a hearing on **MONTH, DAY, YEAR at X:00** a.m./p.m. to decide whether to approve the Settlement, including the amount of attorneys' fees and costs to be paid to Class Counsel and the amount of Incentive Awards to be paid to the Plaintiffs. It is not necessary for you to appear at the hearing, but you or your attorney may attend at your own expense. The hearing will be held at the U.S. District Court for the Northern District of West Virginia, located at 1125 Chapline Street, Wheeling, WV 96003, in courtroom XXX.

**Do Nothing**.  If you do nothing, you will be legally bound by the settlement but you will not get a settlement payment.

Further information regarding the Settlement is available at www.monitronicssettlement.com. You may also contact the Settlement Administrator toll-free at 1-XXX-XXX-XXXX or by writing to: **[address]**.

This message was intended for: [recipient email address]
You were added to the system August 21, 2017.
For more information click here. Update your preferences
Unsubscribe | Unsubscribe via email

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING DIVISION**

| | |
|---|---|
| IN RE: MONITRONICS INTERNATIONAL, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 1:13-md-02493-JPB-MJA |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

## <u>FINAL APPROVAL ORDER AND JUDGMENT</u>

This matter having come before the Court on Plaintiffs' motion for final approval of a proposed class action settlement of the above-captioned action (the "Action") between Jason Bennett, Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey ("Plaintiffs"), individually and on behalf of the class defined below (the "Settlement Class"), and Monitronics International, Inc. ("Monitronics") (Plaintiffs and Monitronics are collectively referred to as the "Parties"), pursuant to the parties' Class Action Settlement Agreement (the "Agreement" or the "Settlement Agreement"), and having duly considered all papers filed and arguments presented, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Final Approval Order and Judgment shall have the respective meanings set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order dated _____, 2017, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiffs, Settlement Class Members, and Monitronics, and supporting declarations. The Court has also read and considered any written objections filed by Settlement Class Members. [Alternatively: "The Court has not received any objections from any person regarding the Settlement Agreement."] The Court held a hearing on _____, 2017, at which time the parties [and objecting Settlement Class Members] were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement. Furthermore, the Court finds that notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, was effectuated by the Settlement Administrator on behalf of the Parties on _____, 2017, and that ninety (90) days has passed without comment or objection from any governmental entity.

5.      Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

6.      Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following class:

> Any persons or entities within the United States who received, on or after May 18, 2007 through the date of entry of the Final Approval Order and Judgment, received a Telemarketing Call made by Monitronics, or a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or subdealer (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, or (b) to a residential telephone number through

the use of an artificial or pre-recorded voice; or (c) to a cellular or residential number registered on the national Do Not Call Registry more than once within any twelve-month period.

7.      Under Rule 23, Jason Bennett, Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey are hereby appointed as Class Representatives and the following are hereby appointed as Class Counsel:

John W. Barrett
Jonathan R. Marshall
BAILEY & GLASSER LLP
209 Capitol St.
Charleston, WV 25301

Beth E. Terrell
Jennifer Rust Murray
TERRELL| MARSHALL LAW GROUP PLLC
936 N 34th Street, Suite 300
Seattle, WA 98103

Edward A. Broderick
Anthony I. Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

8.      With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives, identified above, are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is

superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) it is desirable to concentrate the claims in this forum; and (i) it is unlikely that there will be difficulties encountered in administering this Settlement.

9.      The Court has determined that the notice given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

10.     The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement on behalf of the Parties, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.

12.     The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13.     The Court dismisses Plaintiffs' claims against Monitronics with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

14.     On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from any and all claims, rights, causes of action, suits,

obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected, or unsuspected, asserted or unasserted, foreseen or unforeseen actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order and Judgment, that were alleged or could have been alleged in the Second Amended Master Consolidated Complaint that arise out of relate in any way to Telemarketing Calls received on or after May 18, 2007 through the date of entry of the Final Approval Order and Judgment that were allegedly placed by Monitronics or a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or subdealer, (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, (b) to a residential telephone number through the use of an artificial or pre-recorded voice, or (c) to a cellular or residential number registered on the national Do Not Call Registry and which received more than one such call within any twelve-month period, which are the Released Claims. Released Claims specifically do not extend to any claims Plaintiffs and Settlement Class Members may have against (1) Alliance Security, Inc., (2) Alarm.com or Authorized Dealers, subdealers, or lead generators of Alarm.com, (3) UTCFS, or (4) Honeywell. Released Claims also do not extend to any claims Plaintiffs and Settlement Class members may have arising from Debt Collection Calls.

15.     The Court further adjudges that upon the Effective Date, the above-described release and the Settlement Agreement will be binding on the Released Parties, and each of them.

16.     Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

17.     The Court approves payment of attorneys' fees to Class Counsel in the amount of $9,333,333 together with out of pocket attorneys' expenses incurred in prosecuting the action of $648,641. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses [and in response to the filed objections thereto], finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

18.     The Court approves the following Incentive Awards:

Jason Bennett: $6,012

Philip J. Charvat: $50,000

Scott Dolemba: $3,500

Michael Hodgin: $3,500

Janet Hodgin: $3,500

Diana Mey: $50,000

The Court specifically finds such amount to be reasonable in light of the service performed by Plaintiffs for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.  Any Incentive Award will be reported as "other income" on a 1099 Form.

19.     Neither this Final Approval Order and Judgment nor the Settlement Agreement shall be construed or used as an admission or concession by or against either Monitronics or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Monitronics or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class Members, or Monitronics.

20.     Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.


Dated: _____, 2017              _____
                                         United States District Court

# EXHIBIT 4

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

*In Re: Monitronics International, Inc. Telephone Consumer Protection Act Litigation*
Case No. 1:13-md-02493

# If you received telemarketing calls from Monitronics, from or on behalf of a Monitronics Authorized Dealer, you may be entitled to benefits under a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Monitronics International, Inc. ("Monitronics") has agreed to pay $28,000,000 into a fund from which eligible persons or entities who file claims will receive cash awards, estimated to be approximately $15-$25 per claim after deducting settlement expenses, the incentive awards, and attorneys' fees and costs.

- The settlement resolves a lawsuit involving individuals or entities who, on or after May 18, 2007 through the date of entry of the Final Approval Order, received a telemarketing call made by Monitronics, a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or sub-dealer: (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, or (b) to a residential telephone number through the use of an artificial or pre-recorded voice, or (c) to a cellular or residential number registered on the national Do-Not-Call Registry more than once within any twelve-month period.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for up to $9,333,333 of the fund as attorneys' fees plus reimbursement of their out-of-pocket expenses they paid to investigate the facts, litigate the case, and negotiate the settlement, which amount to $xxx,xxx.

- Monitronics denies all allegations of wrongdoing in the lawsuit. As part of the proposed settlement, Monitronics does not admit to any wrongdoing and continues to deny the allegations against it.

- The two sides disagree on whether Plaintiffs and the class could have won at trial.

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY DATE** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY DATE** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Monitronics about the legal claims in this case. |
| **OBJECT BY DATE** | Write to the Court explaining why you don't like the settlement. |
| **ATTEND A HEARING ON DATE** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.MONITRONICSSETTLEMENT.COM

MTANTW024

# BASIC INFORMATION

**1. What is this Notice and why should I read it?**

The purpose of this Notice is to let you know that a proposed settlement has been reached in the class action lawsuit entitled *In Re: Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, Case No. 1:13-md-02493, pending in the U.S. District Court for the Northern District of West Virginia. You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

**2. What is this lawsuit about?**

In a class action, one or more people, called Class Representatives (in this case, Jason Bennett, Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey), sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

Here, the Class Representatives claim that, on or after May 18, 2007, Monitronics violated the Telephone Consumer Protection Act ("TCPA") when Monitronics, its Authorized Dealers, or an Authorized Dealer's lead generator or sub-dealer made telemarketing calls to cell phones through the use of an automatic telephone dialing system or an artificial or prerecorded voice and to residential phones through the use of an artificial or prerecorded voice, and to telephone numbers that were listed on the National Do-Not-Call Registry. The Class Representatives claim that Monitronics, its Authorized Dealers, or an Authorized Dealer's lead generator or sub-dealer did not have the recipients' permission to make these calls.

The Court has certified a class for settlement purposes only (the "Settlement Class"). U.S. District Court Judge John Preston Bailey (the "Court") is in charge of this class action.

Monitronics denies that it made any telemarketing calls, did anything wrong, and denies that this case would be certified as a class action in litigation.

# THE SETTLEMENT

**3. Why is there a settlement?**

The Court did not decide in favor of the Plaintiffs or Monitronics. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and their attorneys think the settlement is best for the Settlement Class.

# WHO IS IN THE SETTLEMENT?

**4. How do I know if I am a part of the settlement?**

You are in the "Settlement Class" if, on or after May 18, 2007, you received a telemarketing call from Monitronics, a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or sub-dealer:

(1)     On a cellular telephone using an automatic telephone dialing system or artificial or pre-recorded voice; or

(2)     On a residential telephone using an artificial or pre-recorded voice; or

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.MONITRONICSSETTLEMENT.COM

(3)    Two or more times within a twelve-month period on a telephone number that was on the National Do-Not-Call Registry.

The Settlement Class does not include any persons who validly request exclusion from the Settlement Class, as described under Question 10. A person who does not exclude him or herself is a "Settlement Class Member."

If you have questions about whether you are part of the Settlement Class, you may call 1-XXX-XXX-XXXX or visit www.monitronicssettlement.com for more information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

### 5. What does the settlement provide?

Monitronics has agreed to pay $28,000,000 to be divided among all Settlement Class Members who send in a valid Claim Form after any fees, costs, incentive awards, and settlement administration expenses have been deducted.

### 6. How much will my payment be?

Your share of the settlement will depend on the total number of Claim Forms that Settlement Class Members submit. Class Counsel estimate you will receive approximately $15-$25 per claim, but this is only an estimate.

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 7. How do I make a claim?

To qualify for payment, you must submit a Claim Form by Month XX, XXXX. You may submit a Claim Form online by going to the Settlement Website at www.XXX.com and following the instructions. If you received a postcard with an attached Claim Form, simply tear off the Claim Form at the perforated line, complete the Claim Form and drop it in the mail. You also may download a paper Claim Form on the Settlement Website or call the Settlement Administrator at 1-XXX-XXX-XXXX to request a paper Claim Form. Claim Forms sent by mail must be postmarked by Month XX, XXXX and mailed to:

Monitronics Settlement Administrator<br>
P.O. Box. XXXX<br>
City, State Zip Code

### 8. When will I get my payment?

The Court will hold a hearing on Month XX, XXXX to decide whether to approve the settlement. If the settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take more than a year. Please be patient.

### 9. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are choosing to stay in the Settlement Class. That means you can't sue, continue to sue, or be part of any other lawsuit against Monitronics regarding the claims that are the subject of the settlement. If the settlement is approved and becomes final and not subject to appeal, then you and all Settlement Class Members will release all "Released Claims" against all "Released Parties." It also means that all of the Court's orders will apply to you and legally bind you.

The Settlement Agreement (available at www.monitronicssettlement.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims ("Released Parties") in detail, so read it carefully. To summarize, the release includes claims that arise out of the improper use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to make telemarketing calls to cellular and residential phones or calling telephone numbers on the National Do-Not-Call Registry without consent by Monitronics, a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or sub-dealer.

The Settlement Agreement is between Plaintiffs and Monitronics only. By remaining in the Settlement Class, you **are not releasing** any claims for damages you may have against any of the other defendants in the lawsuit entitled *In Re: Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, Case No. 1:13-md-02493. Be sure to consult a lawyer regarding any claims you may have against Alliance Security, Inc. (formerly Versatile Marking Solutions, Inc. and doing business as VMS Alarms), Honeywell International, Inc., ISI Alarms NC, Inc. and its owners Kevin Klink and Jayson Waller, and UTC Fire & Security Americas Corporation, Inc. (the "Other Defendants"). You also are not releasing any claims you may have against Alarm.com, Inc. or for Debt Collection calls.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement and you want to keep the right to sue or continue to sue Monitronics, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

## 10. How do I exclude myself from the settlement?

To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the *In Re: Monitronics International, Inc. Telephone Consumer Protection Act Litigation* settlement. You must sign the letter and include the following statement: "I request to be excluded from the settlement in the Monitronics International action." You must also include your full name, address, telephone number where you may be contacted, the telephone numbers you maintain were called, and your signature. Your exclusion request must be postmarked no later than Month XX, XXXX**, and must be mailed to**:

Monitronics Settlement Administrator
P.O. Box XXXX
City, State Zip Code

You cannot exclude yourself on the phone or by fax or email. If you ask to be excluded, you will not get any payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

## 11. If I don't exclude myself, can I sue Monitronics for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Monitronics for the claims that this settlement resolves. If you already have a lawsuit against Monitronics that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is Month XX, XXXX.

By remaining in the Settlement Class, you do not give up your right to sue Other Defendants in the lawsuit. Please consult a lawyer regarding your right to seek relief from the Other Defendants.

## 12. If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, do not submit a claim to ask for a payment.

# THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in this case? |
| --- |

The Court has appointed Bailey & Glasser LLP, Terrell Marshall Law Group, Broderick & Paronich, P.C., and The Law Office of Matthew P. McCue to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14. How will the lawyers be paid? |
| --- |

Class Counsel will ask the Court to approve payment of up to $9,333,333 to them for attorneys' fees, together with $xxx,xxx to cover out-of-pocket expenses. This payment would pay Class Counsel for their time investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will request the following service awards for the Plaintiffs: Jason Bennett: $6,012, Philip J. Charvat: $50,000, Scott Dolemba: $3,500, Michael Hodgin: $3,500 Janet Hodgin: $3,500, Diana Mey: $50,000. The Court may award less than these amounts.

# OBJECTING TO THE SETTLEMENT

| 15. How do I object to the settlement? |
| --- |

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you can object to the settlement if you don't like any part of it. You may give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a written objection with the Court, stating that you object to the settlement in *In Re: Monitronics International, Inc. Telephone Consumer Protection Act Litigation.* The written objection must include your name, address and telephone number where you can be contacted, the telephone number(s) that you maintain were called; a statement of all grounds for your objection with the factual and legal support for each stated ground; the identity of any witnesses you may call to testify; copies of any exhibits you intend to introduce as evidence at the Fairness Hearing; a statement of the identity (including name, address, phone number and email) of any lawyer who will be representing you with respect to your objection, and a statement of whether you or your attorney intend to appear at the Fairness Hearing. You must file the objection with the Court, so that it is <u>received by</u> the Court no later than Month XX, XXXX.

*In Re: Monitronics International, Inc. Telephone Consumer Protection Act Litigation*
Case No. 1:13-md-02493
Clerk of the Court
U.S. District Court for the Northern District of West Virginia
1125 Chapline St.
Wheeling, WV 26003

You must also send a copy of your objection to the Settlement Administrator, at the address in Question 7, postmarked on or before **[MONTH XX, XXXX]**.

| 16. What's the difference between objecting and excluding myself from the settlement? |
| --- |

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

**17. When and where will the Court hold a hearing on the fairness of the settlement?**

The Court will hold the final Fairness Hearing at X:00 x.m. on Month XX, XXXX, before the Honorable John Preston Bailey at the U.S. District Court for the Northern District of West Virginia, 1125 Chapline St., Wheeling, WV 26003. The purpose of the hearing is for the Court to determine whether the settlement is fair, reasonable, adequate, and in the best interests of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representatives. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**Note:** The date and time of the fairness hearing may change. Any changes will be posted at the Settlement Website, www.monitronicssettlement.com.

**18. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed and mailed on time, and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

**19. May I speak at the hearing?**

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement Agreement. If you file an objection (*see* Question 15, above) and intend to appear at the hearing, you must state your intention to do so in your objection. You cannot speak at the hearing if you exclude yourself or if you fail to state your intention to do so in your objection.

# IF YOU DO NOTHING

**20. What happens if I do nothing at all?**

If you do nothing, you won't get a cash payment from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Monitronics about the claims released in this case and by the Settlement Agreement.

# GETTING MORE INFORMATION

**21. Are there more details about the settlement?**

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may review the Settlement Agreement on the Settlement Website at www.monitronicssettlement.com. You can also get a copy of the Settlement Agreement by contacting **[COMPLETE CONTACT INFORMATION FOR ONE OF PLAINTIFFS' COUNSEL]**

**22. How do I get more information?**

You can call 1-XXX-XXX-XXXX toll free; write to Monitronics Settlement Administrator, P.O. Box XXXX, City, State Zip Code; or visit the Settlement Website at www.monitronicssettlement.com, where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you determine whether you are a member of the Settlement Class. You also may contact **[COMPLETE CONTACT INFORMATION FOR ONE OF PLAINTIFF'S COUNSEL].**

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.MONITRONICSSETTLEMENT.COM

# EXHIBIT 5

## **Digital Media Notices**



If you received telemarketing calls from Monitronics, a Monitronics Authorized Dealer, or sub-dealer or lead generator of an Authorized Dealer, you may be entitled to benefits under a class action settlement.





In re: Monitronics International Inc. TCPA Litigation

Sponsored · 

If you received telemarketing calls from Monitronics, a Monitronics Authorized Dealer, or sub-dealer or lead generator of an Authorized Dealer, you may be entitled to benefits under a class action settlement.



In re: Monitronics International Inc. TCPA Litigation

EXAMPLE.COM

Learn More

👍 Like     💬 Comment     ➤ Share

If you received telemarketing calls from Monitronics, a Monitronics Authorized Dealer, or sub-dealer or lead generator of an Authorized Dealer, you may be entitled to benefits under a class action settlement.



www.EXAMPLE.com

# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING DIVISION**

|  |  |
|---|---|
| IN RE: MONITRONICS INTERNATIONAL, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 1:13-md-02493-JPB-MJA |
| THIS DOCUMENT RELATES TO: ALL CASES | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

WHEREAS, the Second Amended Master Consolidated Complaint seeks class-wide relief under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*;

WHEREAS, the Named Plaintiffs in the Second Amended Master Consolidated Complaint, Jason Bennett, Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey, have filed a Motion for Preliminary Approval of a Class Action Settlement (the "Motion");

WHEREAS, the Motion attaches and incorporates a Settlement Agreement (the "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a class-wide basis, against Monitronics International, Inc. ("Monitronics") (Plaintiffs and Monitronics are collectively referred to as the "Parties") as more fully set forth below; and

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement, and all of the files, records, and proceedings herein, and the Court determining upon preliminary examination that the Settlement Agreement appears to be fair, reasonable and adequate, and that the proposed plan of notice to the Settlement Class is the best notice

{01778054; 1}

practicable under the circumstances and consistent with requirements of due process and Federal

Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the

Settlement Class to determine whether this Court should enter a judgment finally approving the

Settlement, dismissing the claims of the Named Plaintiffs and members of the Settlement Class

against Monitronics.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      For purposes of settlement only, the Court has jurisdiction over the subject matter

of this action and personal jurisdiction over the parties and the members of the Settlement Class

described below.

**Certification of Settlement Class**

2.      Unless defined herein, all defined terms in this Order shall have the respective

meanings set forth in the Settlement Agreement.

3.      Under Rule 23(b)(3), and for purposes of settlement only, a "Settlement Class" is

preliminarily certified, consisting of the following class:

> Any persons or entities within the United States who received, on or after May 18, 2007
> through the date of entry of the Final Approval Order and Judgment received a
> Telemarketing Call made by Monitronics or a Monitronics Authorized Dealer, or an
> Authorized Dealer's lead generator or subdealer: (a) to a cellular telephone number
> through the use of an automatic telephone dialing system or an artificial or pre-recorded
> voice, (b) to a residential telephone number through the use of an artificial or pre-
> recorded voice, or (c) to a cellular or residential number registered on the national Do Not
> Call Registry more than once within any twelve-month period.

4.      All persons who are members of the Settlement Class who do not submit a timely

request for exclusion are referred to collectively "Settlement Class Members" or individually as

a "Settlement Class Member."

5.      For purposes of settlement only, the Court finds that the prerequisites for a class

action under Rules 23(a) and (b)(3) have been preliminarily satisfied in that: (a) the number of

Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representatives are typical of the claims of the Settlement Class Members; (d) the class representatives will fairly and adequately represent the interests of the Settlement Class Members; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds, for purposes of settlement only, that it is desirable to concentrate the claims in this forum and it is unlikely that there will be difficulties encountered in administering this Settlement.

6.      Under Rule 23, and for settlement purposes only, Plaintiffs Jason Bennett, Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey are appointed Class Representatives and the following are appointed as Class Counsel:

John W. Barrett
Jonathan R. Marshall
BAILEY & GLASSER LLP
209 Capitol St.
Charleston, WV 25301

Beth E. Terrell
Jennifer Rust Murray
TERRELL | MARSHALL LAW GROUP PLLC
936 N 34th Street, Suite 300
Seattle, WA 98103

Edward A. Broderick
Anthony I. Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE

1 South Avenue, Suite 3
Natick, MA 01760

**Notice and Administration**

7.      The Court hereby approves of Kurtzman Carson Consultants ("KCC") to perform

the functions and duties of the Settlement Administrator set forth in the Settlement Agreement –

including effectuating the Notice Plan – and to provide such other administration services as are

reasonably necessary to facilitate the completion of the Settlement.

8.      The Court has carefully considered the Notice Plan set forth in the Settlement

Agreement and Plaintiffs' motion for preliminary approval. The Court finds that the Notice Plan

constitutes the best notice practicable under the circumstances, and satisfies fully the

requirements of Rule 23, the requirements of due process and any other applicable law, such that

the terms of the Settlement Agreement, the releases provided for therein, and this Court's final

judgment will be binding on all Settlement Class Members.

9.      The Court hereby approves the Notice Plan and the form, content, and

requirements of the Notice described in and attached as exhibits to the Settlement Agreement and

in the preliminary approval motion. The Settlement Administrator shall cause the Notice Plan to

be commenced on or before sixty (60) days after the entry of the Preliminary Approval Order.

Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration

executed by the Settlement Administrator attesting to the timely completion of the Notice Plan.

10.      All costs of providing Notice to the Settlement Class, processing claims, and

administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as

provided by the Settlement Agreement.

**Exclusions**

11.     Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

12.     A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postmarked no later than **_____, 2017** [90 days after the Notice Deadline], to the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone number where he or she may be contacted and the telephone number(s) he or she maintains was called. Further, the exclusion request must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and be personally signed by the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class.

13.     Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Monitronics or any of the other Released Parties.

14.     All Settlement Class Members who do not timely and validly request exclusion shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and

Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against Monitronics or any of the other Released Parties.

15.     The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiffs shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

**Objections**

16.     Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the Incentive Awards to the Class Representatives must submit to the Court a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney consulted as to such objection; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator postmarked on or before **_____, 2017** [90 days after the Notice Deadline].  The Court will only consider objections and any supporting papers that are filed in writing with the Clerk of this Court and served on the Settlement Administrator by this date.

17.     A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard in opposition to the approval of the Settlement, the request for attorneys'

fees and expenses, or the request for incentive awards to the Class Representatives will be heard, unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

18.     Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

**Final Approval Hearing**

19.     The Rule 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on _____, 2017 at _____ am [at least 180 days after Preliminary Approval] for the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement class action treatment under Rules 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e)     to consider the application for Incentive Awards to the Class Representatives;

       (f)     to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

       (g)     to rule upon such other matters as the Court may deem appropriate.

20.     On or before thirty (30) days before the Objection/Exclusion Deadline, Class Counsel shall file any application for Incentive Awards to the Class Representatives as well as any application for an award of attorneys' fees and expenses. Class Counsel shall upload their application to the Settlement Website within twenty-hour hours after filing it with the Court.

21.     On or before fourteen days prior to the Final Approval Hearing, Class Counsel shall file a motion for final approval and any response to any objections.

22.     The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

23.     For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Completed by:** _____, 2017 (60 days from Preliminary Approval)

**Motion for Attorney Fees and Incentive Awards:** _____, 2017 (30 days before Objection/Exclusion Deadline)

**Objection/Exclusion Deadline:** _____, 2017 (90 days from the Notice Deadline)

**Claim Deadline:** _____, 2017 (90 days from the Notice Deadline)

**Final Approval Submissions:** _____, 2017 (14 days before Final Hearing)

**Final Approval Hearing:** _____, 2017 at _____ am (at least 180 days from Preliminary Approval)

24.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Further Matters**

25.     All discovery and other pretrial proceedings in the Action as between the Plaintiffs and Monitronics are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

26.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

27.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____, 2017

_____
United States District Court

# EXHIBIT 7

LEGAL NOTICE

# If you received telemarketing calls from Monitronics or from or on behalf of a Monitronics Authorized Dealer, you may be entitled to benefits under a class action settlement.

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.*

**WHAT IS THIS LAWSUIT ABOUT?** Several individuals ("Plaintiffs") have sued Monitronics International, Inc. ("Monitronics") in the United States District Court for the Northern District of West Virginia (*In re Monitronics International, Inc. TCPA Litigation*, Case No. 1:13-md-02493). Plaintiffs allege that Monitronics violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by making or causing others to make on Monitronics' behalf automated telemarketing calls (i.e., using an automatic telephone dialing system and/or an artificial or prerecorded voice) to cell and residential phone numbers and by making or causing others to make on Monitronics' behalf calls to cell and residential phone numbers previously registered on the national Do-Not-Call Registry. Monitronics denies these allegations.

"Telemarketing Calls" are calls initiated for the purpose of encouraging the purchase or rental of goods or services or alleged to be in violation of any telemarketing law.

**WHO IS A SETTLEMENT CLASS MEMBER?** You may be part of the Settlement Class if, on or after May 18, 2007, you received a Telemarketing Call made by Monitronics or a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or subdealer: (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, (b) to a residential telephone number through the use of an artificial or pre-recorded voice, or (c) to a cellular or residential number registered on the national Do Not Call Registry more than once within any twelve-month period.

**WHAT ARE THE TERMS OF THE SETTLEMENT?** Monitronics will pay $28,000,000 into a Settlement Fund for: (1) cash payments to eligible Settlement Class Members who submit valid Claim Forms; (2) attorneys' fees and expenses (up to $9,333,333); (3) out-of-pocket litigation costs ($648,641); (4) incentive awards to Plaintiffs ($116,512 total); and (5) settlement administration costs. Plaintiffs estimate that each eligible Settlement Class Member that submits a valid Claim Form will receive approximately $15-$25 per Claim. However, payments will ultimately depend on the total number of valid Claims made.

**WHAT ARE MY OPTIONS?** Settlement Class Members may: (1) submit a Claim Form by **Month DD, 2017**; (2) exclude themselves from the Settlement by **Month DD, 2017**; (3) object to the Settlement by **Month DD, 2017**; (4) go to the Fairness Hearing on Month DD, 201__; or (5) do nothing. If you do nothing, your rights will be affected but you will not get a settlement payment. If you do not want to be legally bound by the settlement, you must exclude yourself from it. Unless you exclude yourself, you will not be able to sue or continue to sue Monitronics for any claim resolved by this settlement or released by the Settlement Agreement. If you exclude yourself, you cannot get a settlement payment but you are free to sue or continue to sue Monitronics for the claims resolved by this settlement in a different lawsuit. If you stay in the settlement (that is, don't exclude yourself), you may object to it. You may also hire your own lawyer at your own expense. More information, including the Claim Form and Settlement Agreement, are available at www.[SettlementWebsite].com.

This Notice is a summary only. For more information go to www.XXX.com, call 1-XXX-XXX-XXXX or write to: Monitronics Settlement, Settlement Administrator c/o XXXXXXXX.