# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: MONITRONICS INTERNATIONAL, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 1:13-md-02493-JPB-JES |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

**DECLARATION OF CARLA PEAK IN SUPPORT OF NOTICE PLAN**

I, Carla A. Peak, declare as follows:

1.      My name is Carla A. Peak. I am a Vice President of Legal Notification Services at KCC LLC ("KCC") located at 3301 Kerner Boulevard, San Rafael, California 94901.

2.      I am over the age of 21. The matters described in this Declaration are based upon my own personal knowledge, as well as information received from the parties. The opinions and recommendations made herein are based on my training and experience.

3.      This Declaration describes my experience, KCC's experience, and the experience of KCC's Legal Notification Services team. It also describes the Notice Plan designed for this class action settlement, including why I believe it will be effective and will constitute the best notice practicable under the circumstances of this Settlement, pursuant to Fed. R. Civ. P. 23(c)(2)(B) (Rule 23).

**BACKGROUND AND EXPERIENCE**

4.      I have worked in class action notifications for over a decade. I work directly with Gina M. Intrepido-Bowden, also a Vice President of Legal Notification Services at KCC. Together, we have extensive experience designing and implementing legal notification campaigns and plain language notice documents.

5.      Ms. Intrepido-Bowden and I have been involved with well over a hundred cases, including the dissemination of notice around the globe in more than 35 languages. Our c.v., attached as **Exhibit 1**, contains numerous judicial comments citing cases we have worked on, as well as articles we have written and speaking engagements where we have discussed the adequacy and design of legal notice efforts.

6.      Ms. Intrepido-Bowden and I have been involved in many of the largest and most significant cases, including:

a)   *In re: The Home Depot, In., Customer Data Security Breach Litig*., No. 1:14-md-02583 (N.D. Ga.), a national data breach class action involving over 40 million consumers who made credit or debit card purchases in a Home Depot store.

b)   *In re: Skelaxin (Metaxalone) Antitrust Litigation*, No. 1:12-md-02343 (E.D. Tenn.), a multi-state antitrust settlement involving both third party payors and consumers that purchased or paid for the brand and generic version of the prescription drug metaxalone.

c)   *Chambers v. Whirlpool Corporation*, No. 8:11-cv-01733 (C.D. Cal.), a national product defect case involving class members who experienced or may experience the overheating of an automatic dishwasher control board.

d)   *In re Trans Union Corp. Privacy Litigation*, MDL No. 1350 (N.D. Ill.), a class action notice campaign involving virtually every adult in the United States and informing them about their rights in the $75 million data breach settlement.

e)   *In re Residential Schools Litigation*, No. 00-CV-192059 (Ont. S.C.J.), the largest and most complex class action in Canadian history incorporating a groundbreaking notice program to disparate, remote aboriginal persons qualified to receive benefits in the multi-billion dollar settlement.

7.      Ms. Intrepido-Bowden and I have written numerous articles about notice and due process. Our articles include:

   a) Carla Peak and Steven Weisbrot, *How to Design Your Notice to Minimize Professional Objectors*, CLASS ACTION LAWSUIT DEFENSE: CLASS ACTION DEFENSE NEWS, Developments and Commentary provided by BAKERHOSTETLER (www.classactionlawsuitdefense.com) (2012);

   b) Carla Peak, *Is your legal notice designed to be noticed?* WESTLAW JOURNAL CLASS ACTION Vol.18 Issue 10 (2011);

   c) John B. Isbister, Todd B. Hilsee, & Carla A. Peak, *Seven Steps to a Successful Class Action Settlement*, AMERICAN BAR ASSOCIATION, SECTION OF LITIGATION, CLASS ACTIONS TODAY 16 (2008);

   d) Todd B. Hilsee, Gina M. Intrepido & Shannon R. Wheatman, *Hurricanes, Mobility and Due Process: The "Desire to Inform" Requirement for Effective Class Notice is Highlighted by Katrina*, 80 TULANE L. REV. 1771 (June 2006);

   e) Gina M. Intrepido, *Notice Experts May Help Resolve CAFA Removal Issues, Notification to Officials*, 6 CLASS ACTION LITIG. REP. 759 (2005); and

   f) Todd B. Hilsee, Shannon R. Wheatman & Gina M. Intrepido, *Do You Really Want Me to Know My Rights? The Ethics Behind Due Process in Class Action Notice Is More Than Just Plain Language: A Desire to Actually Inform*, 18 GEO. J. LEGAL ETHICS 1359 (Fall 2005).

8.      We have also given presentations about notice and due process. Our speaking engagements include:

   a)      *"A Winning Hand or a Flop?" After 50 Years, Are Class Actions Still Legit?*, AMERICAN BAR ASSOCIATION 20th Annual National Institute on Class Actions, Carla Peak presenter/panelist (October 2016);

b)      *Class Action Notice Requirements: Leveraging Traditional and Emerging Media to Reach Class Members*, STRAFFORD, Carla Peak presenter/panelist (April 2016);

c)      *Ethics in Legal Notification*, accredited CLE Program, presented by Gina Intrepido-Bowden in Radnor at Kessler Topaz Meltzer & Check LLP (September 2015), Carla Peak & Patrick Ivie in Philadelphia at Class Action Preservation Project (November 2014), Carla Peak & Robert DeWitte in Philadelphia at Saltz, Mongeluzzi, Barrett & Bendesky, P.C. (August 2014), Gina Intrepido-Bowden, Carla Peak & Steven Weisbrot at Morgan Lewis & Bockius in New York (December 2012);

d)      *Big Shoulders and High Standards. Can Plaintiffs Scale the Third Circuit's New Ascertainability Wall?* AMERICAN BAR ASSOCIATION 18th Annual National Institute on Class Actions, Gina Intrepido-Bowden presenter/panelist (October 2014);

e)      *The Ethics of Class Action Settlements*, CHICAGO BAR ASSOCIATION, Class Action Committee, Carla Peak presenter (June 2014);

f)      *Pitfalls of Class Action Notice and Settlement Administration*, accredited CLE Program, presented by Carla Peak and Robert DeWitte at Harke Clasby & Bushman LLP in Miami (March 2014), Gina Intrepido-Bowden and Robert DeWitte presenters/panelists, PRACTISING LAW INSTITUTE (PLI), Class Action Litigation 2013 (July 2013);

g)      *The Fundamentals of Settlement Administration*, accredited CLE Program, presented by Carla Peak and Steven Weisbrot at DLA Piper LLP in Philadelphia (August 2013), Carla Peak and Robert DeWitte at Locke Lord LLP in Chicago and broadcast to offices in California, Georgia, New York, Texas and London (April 2013), Gina Intrepido-Bowden and Robert DeWitte at Skadden, Arps, Slate, Meagher & Flom LLP and Wexler Wallace LLP in Chicago (January 2013), Gina Intrepido-Bowden and Robert DeWitte at Hinshaw & Culbertson LLP in Chicago (October 2012), and Gina Intrepido-

- 4 -

Bowden and Rob Taylor-Manning at Spector Roseman Kodroff & Willis, P.C. in Philadelphia (December 2011);

h)      *Designing a Settlement and Notice Program to Minimize Scrutiny and Objections*, Gina Intrepido-Bowden presenter/panelist, AMERICAN CONFERENCE INSTITUTE (ACI), 16th National Conference on Consumer Finance Class Actions & Litigation (July 2013);

i)      *Class Action Settlement Administration Tips & Pitfalls on the Path to Approval*, accredited CLE program, presented by Carla Peak, Gina Intrepido-Bowden & Robert DeWitte at Jenner & Block in Chicago and broadcast to offices in Washington DC, New York and Los Angeles (October 2012);

j)      *Perspectives from Class Action Claims Administrators: Innovations in Notification*, Gina Intrepido-Bowden, presenter/panelist, CLE INTERNATIONAL, 8th Annual Class Actions Conference (May 2012); *Innovations in Notification*, Carla Peak, presenter, CHICAGO BAR ASSOCIATION, Class Litigation Committee Spring Seminar (May 2012);

k)      *Ethical Considerations in Canadian Class Actions*, accredited CLE Program, presented by Gina Intrepido-Bowden and Robert Taylor-Manning at Rochon Genova, LLP in Toronto (April 2012);

l)      *Reaching Class Members & Driving Take Rates*, Gina Intrepido-Bowden, presenter/panelist, CONSUMER ATTORNEYS OF SAN DIEGO, 4th Annual Class Action Symposium (October 2011);

m)      *Legal Notice Ethics*, accredited CLE Program, presented by Gina Intrepido-Bowden, Carla Peak, and Elizabeth Grande at Heins Mills & Olson, P.L.C., Lockridge Grindal Nauen P.L.L.P., and Chestnut Cambronne in Minneapolis (January 2011), at Berger & Montague, P.C., Anapol Schwartz, Lundy Law and Dechert LLP, in Philadelphia, and broadcast to Dechert offices in California, New Jersey, New York,

North Carolina, Texas, Washington D.C., and London and sent via video to their office in China (October 2010); and

n)      *Class Actions 101: Best Practices and Potential Pitfalls in Providing Class Notice*, CLE Program, presented by Brian Christensen, Gina Intrepido, and Richard Simmons, to the KANSAS BAR ASSOCIATION (March 2009).

9.      Ms. Intrepido-Bowden and I have been recognized by courts for our opinion as to which method of notification is appropriate for a given case and whether a certain method of notice represents the best notice practicable under the circumstances; for example:

a)      Honorable Andre Birotte Jr., *Rafofsky v. Nissan North America*, Inc., (May 1, 2017) No. 2:15-cv-01848 (C.D. Cal.):

> *The Court has considered the Notice in the Settlement and finds that the Notice and methodology as described in the Settlement and in the Declaration of Carla Peak attached as Exhibit B to Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement, including the exhibits attached thereto: (a) meets the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice. In addition, the forms of notice: (a) apprise Class Members of the pendency of the Litigation, the terms of the proposed Settlement, their rights, and deadlines under the Settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves the Notice and methodology as described in the Settlement and in the Declaration of Carla Peak in all respects.*

b)      Judge Douglas L. Rayes, *Brill v. Bank of America, N.A.*, (April 18, 2017) No. 2:16-cv-03817 (D. Ariz.):

> *The Court finds that the Class Notice described above is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Class Notice complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement. The Court also finds that the Class Notice complies with Rule 23(c)(2), as it is also the best form and manner of notice practicable under the circumstances, provides individual notice to members of the Settlement Class who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise members of the*

> *Settlement Class of the pendency of the Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.*

    c)     Judge Denise J. Casper, *In re Solodyn (Minocycline Hydrochloride)*

*Antitrust Litigation*, (April 14, 2017) No. 1:14-md-02503 (D. Mass.):

> *The proposed form of Notice to Direct Purchaser Settlement Class members of the pendency and proposed Settlements of this action as against Sandoz and Lupin only ("Settlement Notice") and the proposed method of dissemination of the Settlement Notice by first class mail satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved.*

    10.    KCC is an experienced national class action notice provider that has implemented more than 6,000 successful class action notice and settlement administration matters and handled thousands of distributions in other contexts. KCC's experience includes many of the largest and most complex settlement administrations of both private litigation and of actions brought by state and federal government. KCC's services include settlement fund escrow and reporting, class member data management, legal notification, call center support, and claims administration. KCC has extensive experience in all aspects of notice and settlement design and implementation, including in dozens of Telephone Consumer Protection Act ("TCPA") cases such as this. For example:

    a)    *Abdeljalil v. GE Capital Retail Bank*, No. 12-cv-02078 (S.D. Cal.);

    b)    *Adams v. AllianceOne Receivables Management, Inc*., No. 08-cv-00248 (S.D. Cal.);

    c)    *Allen v. JPMorgan Chase Bank*, No. 13-cv-08285 (N.D. Ill.);

    d)    *Bayat v. Bank of the West*, No. 13-cv-2376 (N.D. Cal.);

    e)    *Birchmeier et al. v. Caribbean Cruise Line, Inc.*, No. 12-cv-04069 (N.D. Ill.);

    f)    *Biringer v. First Family Insurance, Inc*., No. 14-cv-566 (N.D. Fla.);

    g)    *Boise v. ACE American Insurance Company*, No. 15-cv-21264 (S.D. Fla.);

    h)    *Charvat v. AEP Energy*, No. 14-cv-3121 (N.D. Ill.);

    i)    *Charvat v. Travel Services (Carnival)*, No. 12-cv-05746 (N.D. Ill.);

j) *Clark, et al. v. Gannett Co. Inc*., No. 14-cv-00022 (D. N.J.);

k) *Coffman v. Glide Talk, Ltd*., No. 13-cv-05190 (N.D. Ill.);

l) *Connor v. JPMorgan*, No. 10-cv-01284 (S.D. Cal.);

m) *Couser v. Comenity Bank*, No. 12-cv-02484 (N.D. Cal.);

n) *Craftwood Lumber Co. v. Interline Brands, Inc*., No. 11-cv-4462 (N.D. Ill.);

o) *Crossley et al. v. Joya Communications, Inc*., No. 16 CH 14771 (Cir. Ct. Cook Cnty., Ill.);

p) *Cummings v. Sallie Mae, Inc*., No. 12-cv-9984 (N.D. Ill.);

q) *Davenport v. Discover*, No. 15-cv-06052 (N.D. Ill.);

r) *Grannan v. Alliant Law Group, P.C*., No. 10-cv-02803 (N.D. Cal.);

s) *Guarisma v. Blue Cross Blue Shield of Florida*, No. 13-cv-21016 (S.D. Fla.);

t) *Hageman v. AT&T Mobility LLC*, No. 13-cv-50 (D. Mont.);

u) *Hetherington v. Omaha Steaks*, No. 13-cv-2152 (D. Ore.)

v) *Hibler v. Santander Consumer USA*, No.13-01354 (C.D. Cal.);

w) *In re Life Time Fitness*, MDL No. 2564 (D. Minn.);

x) *In Re Midland Credit Management, Inc. TCPA Litigation*, No. 11-md-2286 (S.D. Cal.);

y) *In re: Portfolio Recovery Associates, LLC TCPA Litigation*, No. 11-md-02295 (S.D. Cal.);

z) *James v. JPMorgan Chase Bank NA*, No. 15-cv-2424 (M.D. Fla.);

aa) *Jonsson v. USCB, Inc.*, No. 13-cv-8166 (C.D. Cal.);

bb) *Kolinek v. Walgreen Co*., No. 13-cv-04806 (N.D. Ill.);

cc) *Lee v. Global Tel Link Corporation*, No. 15-cv-02495 (C.D. Cal.);

dd) *Lees v. Anthem Ins. Cos., Inc*., No. 13-cv-01411 (E.D. Mo.);

ee) *Luster v. Duncan Solutions*, No. 14-cv-00112 (N.D. Ga.);

ff) *Luster v. Wells Fargo Dealer Services Inc.*, No. 15-cv-01058 (S.D. Ga.);

gg) *Martin v. Global Marketing Research Services, Inc*., No. 14-cv-1290 (M.D. Fla);

hh) *Melito v. American Eagle Outfitters*, No. 14-cv-02440 (S.D.N.Y.);

ii)  *Mey v. Got Warranty, Inc*., No. 15-cv-00101 (N.D. W.Va.);

jj)  *Mey v. Patriot Payment Group*, No. 5:15-cv-00027 (N.D. W.Va.);

kk) *Newman v. AmeriCredit*, No. 11-cv-3041 (S.D. Cal.);

ll)  *Ossola v. American Express Co.*, No. 13-cv-04836 (N.D. Ill.);

mm)    *Prater v. Medicredit, Inc*., No. 14-cv-00159 (E.D. Mo.);

nn) *Prather v. Wells Fargo Bank, N.A*., No. 15-cv-04231 (M.D. Ga.);

oo) Reginald Moore v. Family Dollar Stores, Inc., No. 14-cv-01542 (E.D. Mo.);

pp) *Rinky Dink Inc. v. World Business Lenders LLC*, No. 14-cv-00268 (W.D. Wash.);

qq) *Sanders v. RBS Citizens*, No. 13-cv-3136 (S.D. Cal.);

rr)  *Sherman v. Kaiser Foundation Health Plan, Inc*., No. 13-cv-00981 (S.D. Cal.);

ss)  *Shestopal v. Follett Higher Education Group Inc*., No. 15-cv-8980 (N.D. Ill.);

tt)  *Steinfeld v. Discover Financial Services*, No. 12-cv-01118 (N.D. Cal.); and

uu) *Thomas v. Dun & Bradstreet Credibility Corp*., 15-cv-03194 (C.D. Cal.).

## NOTICE PLAN OVERVIEW

11.    The Notice Program utilizes individual notice to identifiable Settlement Class Members and paid notice in well-read consumer magazines, as well as on a variety of websites, including Facebook, to effectively reach the Settlement Class. The Notice Program is expected to reach approximately 74% of likely Settlement Class Members via the paid media effort alone.[1] Reach will be further enhanced by individual notice effort.

---

[1] The reach or net reach of a notice program is defined as the percentage of a class that was exposed to a notice net of any duplication among people who may have been exposed more than once.

12.     The expected reach of the Notice Program is consistent with other effective court-approved settlement notice programs and is designed to meet due process requirements. The Federal Judicial Center's (FJC) Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (the FJC Checklist) considers 70-95% reach among class members to be a "high percentage" and reasonable.

### NOTICE PROGRAM DETAILS

#### *Class Definition*

13.     The Settlement Class is defined as: any persons or entities within the United States who on or after May 18, 2007 through the date of entry of the Final Approval Order and Judgment received a telemarketing call made by Monitronics or a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or subdealer: (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, (b) to a residential telephone number through the use of an artificial or pre-recorded voice, or (c) to a cellular or residential number registered on the national Do Not Call Registry more than once within any twelve-month period.

#### *Data Preparation*

14.     Plaintiffs have identified approximately 7.8 million telephone numbers associated with potential Settlement Class Members. Of these, Plaintiffs obtained from Defendants and Defendants' vendors' records containing names, postal addresses, and email addresses for approximately 4.3 million of these telephone numbers, names and postal addresses (but not email addresses) for approximately 183,000, and names and email addresses (but not postal addresses) for approximately 106,000 of these telephone numbers leaving approximately 3.2 million telephones numbers without an associated name, postal or email address.

15.     Plaintiffs have provided KCC with all of the telephone numbers and contact information they have for Settlement Class Members. Once preliminary approval is received, KCC will merge this data into one comprehensive database (the "Notice List"). KCC will then de-duplicate the Notice List to ensure, as best as possible, that each unique telephone number

appears on the list a single time. Where duplicate telephone numbers appear on the Notice List with matching email addresses, the duplicate telephone numbers will be removed. Where duplicate telephone numbers appear on the Notice List with unique email addresses, the duplicate telephone numbers will be retained. After de-duplication, KCC will perform a reverse directory search using the phone numbers provided on the Notice List that do not contain an associated email or postal address.

16.     KCC routinely performs reverse directory searches and lookups. This process has been used in at least a dozen KCC administrations of TCPA matters this year, which is nearly 70% of KCC's 2016 TCPA administrations, and has been relied upon by KCC for a number of administrations in past years for the purpose of notice. KCC will facilitate multiple vendor reverse look-ups to identify names and addresses associated with phone numbers and email addresses.

17.     Where the initial search does not return a result, KCC will use both a secondary and tertiary reverse directory data vendor to increase the number of search results.

18.     Upon completion of the above-referenced searches, KCC will update the Notice List with the information obtained and will de-duplicate and review the entire Notice List to ensure a single Summary Notice is emailed or a Double-Postcard Notice is mailed, except as discussed below, per unique phone number to, as best as can be determined, the actual user of the phone (based on the updated information on the Notice List).

*Individual Notice*

19.     KCC will send a Summary Notice via email to every Settlement Class Member for which an email address exists on the Notice List. The Summary Notice content will be included in the body of the email, rather than as an attachment, to avoid spam filters and improve deliverability. The email will contain a link to the case website.

20.     The email delivery will be attempted three times. The email campaign will return data regarding the number of emails successfully delivered, email open-rates and email bouncebacks. Upon the third email bounceback for an individual Settlement Class Member,

KCC will send a Double-Postcard Summary Notice via United States Postal Service (USPS) provided a physical address has been successfully identified.

21.    In addition, KCC will send a Double-Postcard Summary Notice via USPS to those Settlement Class Members for whom an e-mail address is not available.

22.    Prior to mailing, the addresses will be checked against the National Change of Address (NCOA)[2] database maintained by USPS; certified via the Coding Accuracy Support System (CASS);[3] and verified through Delivery Point Validation (DPV).[4]

23.    Notices returned by USPS as undeliverable will be re-mailed to any address available through postal service forwarding order information. For any returned mailing that does not contain an expired forwarding order with a new address indicated, KCC will conduct further address searches using credit and other public source databases to attempt to locate new addresses, and will re-mail these notices where possible.

### Consumer Publications

24.    In addition to the individual notice efforts above, KCC will place a third-page Summary Notice in *Better Homes and Gardens* and *People*. These publications were selected using GfK MediaMark Research & Intelligence, LLC (MRI)[5] data.  MRI data indicates that *Better Homes and Gardens* will reach 16.3% of likely Settlement Class Members and *People* will reach 17.0%.

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.
[3] Coding Accurate Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.
[4] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.
[5] GfK MRI is a nationally accredited research firm that provides consumer demographics, product and brand usage, and audience/exposure in all forms of advertising media. Established in 1979, MRI measures the usage of nearly 6,500 product and service brands across 600 categories, along with readership of hundreds of magazines and newspapers, internet usage, television viewership, national and local radio listening, yellow page usage, and out-of-home exposure. Based on a yearly face-to-face interview of 26,000 consumers in their homes, MRI's Survey of the American Consumer™ is the primary source of audience data for the U.S. consumer magazine industry and the most comprehensive and reliable source of multi-media audience data available.

25.     The notice placements will be tracked to ensure that they appear exactly as planned, as well as meet our high standards in terms of quality and positioning.

### *Internet Advertising*

26.     KCC will implement an internet media effort consisting of banner advertising. Approximately 235 million internet banner advertisements will be purchased and distributed over desktop and mobile devices via the Google Display network, Yahoo! and Facebook.

27.     These networks and Facebook were selected using MRI and verified comScore Inc.[6] data. According to MRI data, 86.3% of likely Settlement Class Members have access to the internet at home using a computer and 82.8% have looked at or used the internet in the last 30 days. Using comScore, we have determined the total number of internet impressions necessary to reach likely Class Members.

### *Settlement Website*

28.     KCC will establish and maintain a case specific website to allow Settlement Class Members to obtain additional information and documents about the Settlement. The Settlement website will allow users to read, download and print the Settlement Agreement, Preliminary Approval Order, and Detailed Notice. Settlement Class Members will also be able to review a list of Frequently Asked Questions and Answers and file a claim online. The website address will be displayed in the Double-Postcard Summary Notice and Publication Notice, as well as accessible through a hyperlink embedded in the individual emails and internet banner notices.

### *Toll-Free Telephone Number*

29.     KCC will establish and host a case specific toll-free number to allow Settlement Class Members to learn more about the Settlement in the form of frequently asked questions and answers. It will also allow Settlement Class Members to request to have a Detailed Notice mailed

---

[6] comScore, Inc. is a leading cross-platform measurement and analytics company that precisely measures audiences, brands and consumer behavior everywhere, capturing 1.9 trillion global interactions monthly. comScore's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reached more effectively. comScore operates in more than 75 countries, serving over 3,200 clients worldwide.

directly to them. The toll-free number will be displayed in the Double-Postcard Summary Notice, Publication Notice, Detailed Notice and Settlement website.

### Settlement P.O. Box

30.     KCC will establish and monitor a Settlement mailbox where Settlement Class Members may submit hard copy Claim Forms, exclusion requests, objections, and other case correspondence.

## NOTICE DESIGN AND CONTENT

31.     KCC worked with the parties to develop the various notice documents proposed for this Settlement. The Notices were designed to satisfy the requirements of Rule 23, adhere to the guidelines set forth in the Manual for Complex Litigation, Fourth and comply with the FJC's Illustrative Forms of Class Action Notices.

32.     Rule 23(c)(2) requires class action notices to be written in "plain, easily understood language." KCC maintains a strong commitment to adhering to the plain language requirement, while drawing on its experience and expertise to draft notices that effectively convey the necessary information to settlement class members. In preparing the notice documents in this Settlement, KCC has employed communications methods that are well-established in the field. KCC has embraced the high standards embodied in the Advisory Committee's notes accompanying the 2003 changes to Rule 23(c)(2): "The direction that the class-certification notice be couched in plain easily understood language is added as reminder of the need to work unremittingly at the difficult task of communicating with class members."

33.     The Double-Postcard Summary Notice and Publication Notice contain plain language summaries of all the key information about Settlement Class Members' rights and options. In addition to plain language summaries, the Detailed Notice includes a summary page providing an overview of the important information and a table highlighting key options available to Settlement Class Members. A question and answer format makes it easy to find answers to common questions by organizing the information and breaking it up into simple

headings. Many courts have approved notices that have been written and designed in a similar fashion.

34.     The notice documents have been designed to be noticeable and understandable. They are informative, reasonably convey all required information, and afford a reasonable time for those interested to act on their rights or make their appearance.

## NOTICE PLAN ANALYSIS

35.     The Notice Program is expected to effectively reach approximately 74% of Settlement Class Members via the media notice effort alone. Coverage will be further extended via the individual notice effort.

36.     The Notice Plan will deliver "noticeable" Notices to capture Settlement Class Members attention and provide them with information necessary to understand their rights and options.

37.     The Notice Plan and notice documents adhere to the guidelines set forth in the FJC Checklist. The FJC Checklist contains four "Major Checkpoints". All of these checkpoints have been met. For example:

a)   The Notice Plan will effectively reach the Settlement Class and the reach percentage has been calculated by experts.

b)   The notices will come to the attention of the Settlement Class and have been designed using page-layout techniques to command attention.

c)   The notices are informative–they include all required information–and are written in clear, concise, easily understood language.

d)   Settlement Class Members rights and options are easy to act upon. There are no unnecessary hurdles that would make responding difficult.

38.     At the conclusion of the Notice Plan, we will provide a final report verifying its adequacy and effective implementation.

**CONCLUSION**

39.     In my opinion, the Notice Plan proposed for this case is consistent with other effective settlement notice programs. It is the best notice practicable and meets the "desire to actually inform" due process communications standard of *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950). It provides the same reach and frequency evidence that Courts have approved and that has withstood appellate scrutiny, other expert critiques, as well as collateral review. The Notice Plan and notice documents are consistent with the guidelines set forth in Rule 23, the Manual for Complex Litigation, Fourth and the FJC Checklist.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED at Sellersville, Pennsylvania, this 31st day of August, 2017.

_Carla Peak_

_____

Carla A. Peak                          © 2017 KCC LLC

# Exhibit 1



KCC's Legal Notification Services team provides expert legal notice services in class action, mass tort and bankruptcy settings. We specialize in the design and implementation of notice programs with plain language notices; expert opinions and testimony on the adequacy of notice; and critiques of other notice programs and notices. With over a decade of experience, our legal noticing team has been involved in more than a hundred effective and efficient notice programs reaching class members and claimants in almost every country, dependency and territory in the world, and providing notice in over 35 languages. Our programs satisfy due process requirements, as well as all applicable state and federal laws. Some case examples our experts have been involved with include:

- *In re: The Home Depot, In., Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.) A national data breach class action involving over 40 million consumers who made credit or debit card purchases in a Home Depot store.

- *In re: Skelaxin (Metaxalone) Antitrust Litigation*, No. 1:12-md-02343 (E.D. Tenn.) A multi-state antitrust settlement involving both third party payors and consumers that purchased or paid for the brand and generic version of the prescription drug metaxalone.

- *Chambers v. Whirlpool Corporation*, No. 8:11-cv-01733 (C.D. Cal.) A national product defect case involving class members who experienced or may experience the overheating of an automatic dishwasher control board.

- *In re Trans Union Corp. Privacy Litigation*, MDL No. 1350 (N.D. Ill.) Perhaps the largest discretionary class action notice campaign involving virtually every adult in the United States and informing them about their rights in the $75 million data breach settlement.

- *In re Residential Schools Litigation*, No. 00-CV-192059 (Ont. S.C.J.) The largest and most complex class action in Canadian history incorporating a groundbreaking notice program to disparate, remote aboriginal persons qualified to receive benefits in the multi-billion dollar settlement.

# Our Experts

**Gina M. Intrepido-Bowden**

With more than 25 years of media research, planning and buying experience, Gina M. Intrepido-Bowden brings substantive expertise to her role as VP, Legal Notification Services. A leading expert, she is responsible for the design and implementation of evidence-based legal notice campaigns.

Gina has designed over a hundred judicially approved media campaigns across the United States and Canada for antitrust, consumer and other class action matters. As a legal notice expert, she provides Courts with the reach evidence they need to determine the adequacy of notice. In addition, she has successfully critiqued other notice plans, causing Courts to modify programs to better meet due process obligations.

She began her advertising career working for one of New York's largest advertising agency media departments (BBDO). Gina is a frequent author and speaker on class notice issues including effective reach, notice dissemination as well as noticing trends and innovations. She earned a Bachelor of Arts in Advertising from Penn State University, graduating summa cum laude. Gina can be reached at gintrepidobowden@kccllc.com.

**Carla A. Peak**

With more than a decade of industry experience, Carla A. Peak, also VP, Legal Notification Services, specializes in the design of plain language legal notice documents to effectively address the challenges of communicating complex information to class members in a manner that they can understand.

As a leading notice expert, Carla's notices satisfy the plain language requirements of Rule 23 and adhere to the guidelines set forth in the Manual for Complex Litigation, Fourth and by the Federal Judicial Center (FJC), as well as applicable state laws. She has successfully provided notice in both U.S. and international markets including communications in more than 35 languages.

She has presented on and written numerous articles about class notification programs, the design of effective notice documents as well as industry trends and innovations. Carla holds a Bachelor of Arts in Sociology from Temple University, graduating cum laude. Carla can be reached at cpeak@kccllc.com.

# Judicial Recognition

Following are some judicial comments recognizing the work of our expert(s):

**Honorable Andre Birotte Jr.,** ***Rafofsky v. Nissan North America, Inc.****,* (May 1, 2017) No. 2:15-cv-01848 (C.D. Cal.):

> *The Court has considered the Notice in the Settlement and finds that the Notice and methodology as described in the Settlement and in the Declaration of Carla Peak attached as Exhibit B to Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement, including the exhibits attached thereto: (a) meets the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice. In addition, the forms of notice: (a) apprise Class Members of the pendency of the Litigation, the terms of the proposed Settlement, their rights, and deadlines under the Settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves the Notice and methodology as described in the Settlement and in the Declaration of Carla Peak in all respects.*

**Judge Douglas L. Rayes,** *Brill v. Bank of America, N.A.*, (April 18, 2017) No. 2:16-cv-03817 (D. Ariz.):

> The Court finds that the Class Notice described above is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Class Notice complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement. The Court also finds that the Class Notice complies with Rule 23(c)(2), as it is also the best form and manner of notice practicable under the circumstances, provides individual notice to members of the Settlement Class who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.

**Judge Denise J. Casper,** *In re Solodyn (Minocycline Hydrochloride) Antitrust Litigation*, (April 14, 2017) No. 1:14-md-02503 (D. Mass.):

> The proposed form of Notice to Direct Purchaser Settlement Class members of the pendency and proposed Settlements of this action as against Sandoz and Lupin only ("Settlement Notice") and the proposed method of dissemination of the Settlement Notice by first class mail satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved.

**Judge Cecilia M. Altonaga,** *Flaum v. Doctor's Associates, Inc.*, (March 22, 2017) No. 16-cv-61198 (S.D. Fla.):

> The Court has considered the proposed forms of notice including the Summary Notice; Full Notice for the Settlement Website; Publication Notice; Press Release (attached as Exhibit 2, 3, 4 and 8 to the Settlement Agreement); and Settlement Claim Forms (attached as Exhibits 6 and 7 to the Settlement Agreement); and finds the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, Full Notice for the Settlement Website, Publication Notice, Press Release and Settlement Claim Forms, and orders that notice be given in substantial conformity therewith.

**Honorable Amy J. St. Eve,** *In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litig.*, (March 6, 2017) No. 1:15-cv-01364 (N.D. Ill.):

> The Class Notice (as described in the Settlement Agreement and previously approved by the Court) fully complied with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the Settlement of the Action.

**Honorable Jeffrey S. White,** *In re Yapstone Data Breach,* (March 2, 2017) No. 4:15-cv-04429 (C.D. Cal.):

> The Court finds that the notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits E and G thereto (the "Notice Program") is reasonably calculated, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of

*members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.*

**Judge Manish S. Shah,** *Johnson v. Yahoo! Inc.*, (December 12, 2016) No. 1:14-cv-02028 (N.D. Ill.):

> *The Court approves the notice plan set forth in Plaintiff's Amended Motion to Approve Class Notice (Doc. 252) (the "Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.*

**Judge Joan A. Leonard,** *Barba v. Shire U.S., Inc.*, (December 2, 2016) No. 1:13-cv-21158 (S.D. Fla.):

> *The notice of settlement (in the form presented to this Court as Exhibits E, F, and G, attached to the Settlement Agreement [D.E. 423-1] (collectively, "the Notice") directed to the Settlement Class members, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice was given to potential Settlement Class members who were identified through reasonable efforts, published using several publication dates in Better Homes and Gardens, National Geographic, and People magazines; placed on targeted website and portal banner advertisements on general Run of Network sites; included in e-newsletter placements with ADDitude, a magazine dedicated to helping children and adults with attention deficit disorder and learning disabilities lead successful lives, and posted on the Settlement Website which included additional access to Settlement information and a toll-free number. Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Notice provided Settlement Class members with due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Settlement Class members to make a claim, object to the Settlement or exclude themselves from the Settlement.*

**Judge William H. Pauley III,** *The Dial Corporation v. News Corporation*, (November 3, 2016) No. 1:13-cv-06802 (S.D. N.Y..):

> *The notification provided for and given to the Class: (i) was provided and made in full compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise the Class of the terms of Settlement, of the proposed Plan of Allocation, of Plaintiffs Counsel's application for an award of attorney's fees, costs, and expenses incurred in connection with the Action, of Class Members' right to object to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's application for an award of attorney's fees, costs and expenses, and of the right of Class Members to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) fully satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause of the Fifth Amendment to the Constitution), and all other applicable law and rules.*

**Judge Marco A. Hernandez,** *Kearney v. Equilon Enterprises LLC*, (October 25, 2016) No. 3:14-cv-00254 (D. Ore.):

> *The papers supporting the Final Approval Motion, including, but not limited to, the Declaration of Robert A. Curtis and the two Declarations filed by Gina Intrepido-Bowden, describe the Parties' provision of Notice of the Settlement. Notice was directed to all members of the Settlement Classes defined in paragraph 2, above.*

*No objections to the method or contents of the Notice have been received. Based on the above-mentioned declarations, inter alia, the Court finds that the Parties have fully and adequately effectuated the Notice Plan, as required by the Preliminary Approval Order, and, in fact, have achieved better results than anticipated or required by the Preliminary Approval Order.*

**Honorable Amy J. St. Eve,** ***In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litig.***, (October 20, 2016) No. 1:15-cv-01364 (N.D. Ill.):

*The Notices of Class Action and Proposed Settlement (Exhibits A and B to the Settlement Agreement) and the method of providing such Notices to the proposed Settlement Class (as described in Settlement Agreement ¶6 and in the Declaration of Carla A. Peak on Settlement Notice Plan, filed on October 19, 2016), comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Action.*

**Honorable R. Gary Klausner,** ***Russell v. Kohl's Department Stores, Inc.***, (October 20, 2016) No. 5:15-cv-01143 (C.D. Cal.):

*Notice of the settlement was provided to the Settlement Class in a reasonable manner, and was the best notice practicable under the circumstances, including through individual notice to all members who could be reasonably identified through reasonable effort.*

**Judge Fernando M. Olguin,** ***Chambers v. Whirlpool Corporation***, (October 11, 2016) No. 8:11-cv-01733 (C.D. Cal.):

*Accordingly, based on its prior findings and the record before it, the court finds that the Class Notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, their right to exclude themselves from the action, and their right to object to the proposed settlement.*

**Honourable Justice Stack,** ***Anderson v. The Attorney General of Canada***, (September 28, 2016) No. 2007 01T4955CP (Supreme Ct. Newfound and Labrador):

*The Phase 2 Notice Plan satisfies the requirements of the Class Actions Act and shall constitute good and sufficient service upon class members of the notice of this Order, approval of the Settlement and discontinuance of these actions.*

**Judge Mary M. Rowland,** ***In re: The Home Depot, In., Customer Data Security Breach Litig.***, (August 23, 2016) No. 1:14-md-02583 (N.D. Ga.):

*The Court finds that the Notice Program has been implemented by the Settlement Administrator and the parties in accordance with the requirements of the Settlement Agreement, and that such Notice Program, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure.*

**Honorable Manish S. Shah,** ***Campos v. Calumet Transload Railroad, LLC***, (August 3, 2016) No. 1:13-cv-08376 (S.D. NY.):

*The form, content, and method of dissemination of the notice given to the Settlement Class were adequate, reasonable, and constitute the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth therein, and these proceedings to all Persons entitled to such notice. The notice*

*satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and due process.*

**Honorable Lynn Adelman,** *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Company, Ltd.*, **(Indirect Purchaser–Jui Li Settlement)**, (July 7, 2016) No. 2:09-cv-00852 (E.D. Wis.):

> *The Court approves the Notice Program set forth in the Declaration of Carla A. Peak. The Court approves as to form and content the Postcard Notice, Summary Publication Notice, and Detailed Notice in the forms attached as Exhibits 1–3, respectively, to the Declaration of Carla A. Peak. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

**Judge Marco A. Hernandez,** *Kearney v. Equilon Enterprises LLC*, (June 6, 2016) No. 3:14-cv-00254 (D. Ore.):

> *The Court finds that the Parties' plan for providing Notice to the Settlement Classes as described in paragraphs 35-42 of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina Intrepido-Bowen: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Court further finds that the Parties' plan for providing Notice to the Settlement Classes, as described in paragraphs 35-42 of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina Intrepido-Bowen, will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as not to be bound by the Settlement Agreement.*

**Judge William H. Pauley III,** *The Dial Corporation v. News Corporation*, (June 2, 2016) No. 1:13-cv-06802 (S.D. NY.):

> *The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and constitutional due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.*

**Honorable R. Gary Klausner,** *Russell v. Kohl's Department Stores, Inc.*, (April 11, 2016) No. 5:15-cv-01143 (C.D. Cal.):

> *Here, the Notice Plan includes several ways to reach proposed Class Members, including an information website, direct mailing, direct emails, and a toll-free help line. Furthermore, the proposed Notice provides details sufficient to explain the terms of the Settlement Agreement and provide information to Class Members about their rights, releases, and application deadlines. The Notice informs Class Members of how funds will be allocated, and how Residual Funds will be handled. Class Members are also put on notice of Attorneys' Fees and Expenses awarded and an Incentive Award to the Class Representative. Finally, the Notice*

*plainly indicates the time and place of the hearing to consider approval of the settlement and the method of objecting to or opting out of the settlement.*
*Based on the above facts, the Court approves the proposed Notice Plan.*

**Judge Joan A. Leonard,** *Barba v. Shire U.S., Inc.*, (April 11, 2016) No. 1:13-cv-21158 (S.D. Fla.):

> *The Court finds that the proposed methods for giving notice of the Settlement to members of the Settlement Class, as set forth in this Order and in the Settlement Agreement, meet the requirements of Federal Rule of Civil Procedure Rule 23 and requirements of state and federal due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.*

**Honorable Manish S. Shah,** *Campos v. Calumet Transload Railroad, LLC*, (March 10, 2016 and April 18, 2016) No. 1:13-cv-08376 (S.D. NY.):

> *The Court approves the Notice Program set forth in the Declaration of Carla A. Peak, attached as Exhibit A to the Settlement. The Court approves as to form and content the Postcard Notice, Summary Notice, and Detailed Notice in the forms attached as Exhibits B, C, and D, respectively, to the Settlement. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.*

**Judge Mary M. Rowland,** *In re: The Home Depot, In., Customer Data Security Breach Litig.*, (March 8, 2016) No. 1:14-md-02583 (N.D. Ga.):

> *The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.*

**Judge Mary M. Rowland,** *In re: Sears, Roebuck and Co. Front-Loader Washer Products Liability Litig.*, (February 29, 2016) No. 1:06-cv-07023 (N.D. Ill.):

> *The Court concludes that, under the circumstances of this case, the Settlement Administrator's notice program was the "best notice that is practicable," Fed. R. Civ. P. 23(c)(2)(B), and was "reasonably calculated to reach interested parties," Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 318 (1950).*

**Honorable Lynn Adelman,** *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co.,* **(Indirect Purchaser–Tong Yang & Gordon Settlements)**, (January 14, 2016) No. 2:09-CV-00852 (E.D. Wis.):

> *The form, content, and methods of dissemination of Notice of the Settlements to the Settlement Class were reasonable, adequate, and constitute the best notice*

*practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth in the Settlements, and these proceedings to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.*

**Judge Curtis L. Collier,** *In re: Skelaxin (Metaxalone) Antitrust Litigation*, (December 22, 2015) No. 1:12-md-2343 (E.D. Tenn.):

*The Class Notice met statutory requirements of notice under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement process.*

**Honorable Mitchell D. Dembin,** *Lerma v. Schiff Nutrition International, Inc.*, (November 3, 2015) No. 3:11-CV-01056 (S.D. Cal.):

*According to Ms. Intrepido-Bowden, between June 29, 2015, and August 2, 2015, consumer publications are estimated to have reached 53.9% of likely Class Members and internet publications are estimated to have reached 58.9% of likely Class Members…The Court finds this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the action, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.*

**Honorable Lynn Adelman,** *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co.*, **(Direct Purchaser–Tong Yang & Gordon Settlements)**, (August 13, 2015) No. 2:09-CV-00852 (E.D. Wis.):

*The Court further finds that the Notice Plan, previously approved by the Court (See ECF Nos. 619 & 641) and as executed by the Court-appointed Claims Administrator, KCC, as set forth in the Declaration of Carla A. Peak on Implementation and Overall Adequacy of Combined Settlement Notice Plan ("Peak Declaration") is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice (Peak Declaration Exhibits 1 and 2) are written in plain language, use simple terminology, and are designed to be readily understandable and noticeable by Settlement Class Members.*

**Honorable Lynn Adelman,** *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co.*, **(Indirect Purchaser–Gordon Settlement)**, (August 4, 2015) No. 2:09-CV-00852 (E.D. Wis.):

*The Court approves the Notice Program set forth in the Declaration of Carla A. Peak. The Court approves as to form and content the Postcard Notice, Summary Publication Notice, and Detailed Notice in the forms attached as Exhibits 2–4, respectively, to the Declaration of Carla A. Peak. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

**Honorable Sara I. Ellis,** *Thomas v. Lennox Industries Inc.*, (July 9, 2015) No. 1:13-CV-07747 (N.D. Ill.):

> The Court approves the form and content of the Long-Form Notice, Summary Notice, Postcard Notice, Dealer Notice, and Internet Banners (the "Notices") attached as Exhibits A-1, A-2, A-3, A-4 and A-5 respectively to the Settlement Agreement. The Court finds that the Notice Plan, included in the Settlement Agreement and the Declaration of Gina M. Intrepido-Bowden on Settlement Notice Plan and Notice Documents, constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto, and that the Notice Plan complies fully with the requirements of Federal Rule of Civil Procedure 23 and provides Settlement Class Members due process under the United States Constitution.

**Honorable Lynn Adelman,** *Fond du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.* **(Indirect Purchaser–Tong Yang Settlement)**, (May 29, 2015) No. 2:09-CV-00852 (E.D. Wis.):

> The Court approves the Notice Program set forth in the Declaration of Carla A. Peak. The Court approves as to form and content the Postcard Notice, Summary Publication Notice, and Detailed Notice in the forms attached as Exhibits 2–4, respectively, to the Declaration of Carla A. Peak. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.

**Honorable Mitchell D. Dembin,** *Lerma v. Schiff Nutrition International, Inc.*, (May 25, 2015) No. 11-CV-01056 (S.D. Cal.):

> The parties are to notify the Settlement Class in accordance with the Notice Program outlined in the Second Supplemental Declaration of Gina M. Intrepido-Bowden on Settlement Notice Program.

**Honorable Lynn Adelman,** *Fond du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.* **(Direct Purchaser–Gordon Settlement)**, (May 5, 2015) No. 2:09-CV-00852 (E.D. Wis.):

> The Court approves the forms of the Notice of proposed class action settlement attached to the Declaration of Carla Peak ("Peak Decl.") at Exhibit 1 (Long-Form Notice and Summary/Publication Notice). The Court further finds that the mailing and publication of the Notice in the manner set forth below and in the Peak Decl. is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members. The Notice Program set forth herein is substantially similar to the one set forth in the Court's April 24, 2015 Order regarding notice of the Tong Yang Settlement (ECF. No. 619) and combines the Notice for the Tong Yang Settlement with that of the Gordon Settlement into a comprehensive Notice Program. To the extent differences exist between the two, the Notice Program set forth and approved herein shall prevail over that found in the April 24, 2015 Order.

**Honorable José L. Linares,** *Demmick v. Cellco Partnership*, (May 1, 2015) No. 2:06-CV-2163

(D. N.J.):

> The Notice Plan, which this Court has already approved, was timely and properly executed and that it provided the best notice practicable, as required by Federal Rule of Civil Procedure 23, and met the "desire to actually inform" due process communications standard of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)… The Court thus affirms its finding and conclusion in the November 19, 2014 Preliminary Approval Order that the notice in this case meets the requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States and/or any other applicable law. All objections submitted which make mention of notice have been considered and, in light of the above, overruled.

**Honorable Lynn Adelman,** *Fond du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.* **(Direct Purchaser–Tong Yang Settlement)**, (April 4, 2015) No. 2:09-CV-00852 (E.D. Wis.):

> The Court approves the forms of the Notice of proposed class action settlement attached to the Declaration of Carla A. Peak ("Peak Decl.") as Exhibit 2 (Long-Form Notice and Summary/Publication Notice). The Court further finds that the mailing and publication of the Notice in the manner set forth below and in the Peak Decl. is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class Members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

**Honorable Rhonda A. Isiran Nishimura,** *Charles v. Haseko Homes, Inc.*, (February 24, 2015) No. 09-1-1932-08 (Cir. Ct. Hawai'i):

> The Court approves, as to form and content, the Hurricane Straps Class Notice and the Hurricane Straps Repose Subclass Notice, and the Notice Plan that are attached as Exhibits 8-9 to the Declaration of Graham B. LippSmith ("LippSmith Dec.") and in the Declaration of Carla Peak…The Court finds that the Hurricane Straps Class Notice, the Hurricane Straps Repose Subclass Notice, and the Notice Plan will fully and accurately inform the potential Hurricane Straps Class Members and Hurricane Straps Repose Subclass Members of all material elements of the proposed Settlement, of their right to be excluded from the Hurricane Straps Class or Hurricane Straps Repose Subclass, and of each Hurricane Straps Class Member's or Hurricane Straps Repose Subclass Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the Hurricane Straps Class Notice and the Hurricane Straps Repose Subclass Notice will (i) meet the requirements of the laws of the State of Hawai'i (including Haw. R. Civ. P. 23), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, (ii) constitute the best notice practicable under the circumstances, and (iii) constitute due and sufficient notice to all potential Hurricane Straps Class Members and Hurricane Straps Repose Subclass Members.

**Honorable Gary W.B. Chang,** *Kai v. Haseko Homes, Inc.*, (February 15, 2015) No. 09-1-2834-12 (Cir. Ct. Hawai'i):

> The Court approves, as to form and content, the PEX Class Notice and Notice Plan attached as Exhibit 10 to the Declaration of Graham B. LippSmith ("LippSmith Dec.") and in the Declaration of Carla Peak. The Court finds that the PEX Class Notice and the Notice Plan will fully and accurately inform the potential PEX Class Members of all material elements of the proposed Settlement, of their right to be excluded from the PEX Class, and of each PEX

*Class Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the PEX Class Notice substantially in the manner and form set forth in this Order will (i) meet the requirements of the laws of the State of Hawai'i (including Haw. R. Civ. P. 23), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, (ii) constitute the best notice practicable under the circumstances, and (iii) constitute due and sufficient notice to all potential Class Members.*

**Honorable David O. Carter,** ***Cobb v. BSH Home Appliances Corp.***, (December 29, 2014) No. 8:10-CV-0711 (C.D. Cal.):

*The Notice Program complies with Rule 23(c)(2)(B) because it constitutes the best notice practicable under the circumstances, provides individual notice to all Class Members who can be identified through reasonable effort, and is reasonably calculated under the circumstances to apprise the Class Members of the nature of the action, the claims it asserts, the Class definition, the Settlement terms, the right to appear through an attorney, the right to opt out of the Class or to comment on or object to the Settlement (and how to do so), and the binding effect of a final judgment upon Class Members who do not opt out.*

**Honorable José L. Linares,** ***Demmick v. Cellco Partnership***, (November 19, 2014) No. 2:06-CV-2163 (D. N.J.):

*The Court finds that the Parties' plan for providing Notice to the Settlement Classes as described in Article V of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.*
*The Court further finds that the Parties' plan for providing Notice to the Settlement Classes as described in Article V of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden, will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as to not be bound by the Settlement Agreement.*

**Honorable Christina A. Snyder,** ***Roberts v. Electrolux Home Products, Inc.***, (September 11, 2014) No. 8:12-CV-01644 (C.D. Cal.):

*The Court considered the Settlement Notice Plan submitted by the parties, and the Declaration of Carla A. Peak of KCC describing the Notice Plan…The Court finds that the Notice itself is appropriate, and complies with Fed. R. Civ. P. 23(b)(3), 23(c)(2)(B), and 23(e), because the Settlement Notice, FAQ, and Publication Notice fairly, accurately, and reasonably informed members of the Settlement Class, in plain language, of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; (3) appropriate information about, and means for obtaining and submitting, a Claim Form; (4) appropriate information about the right of members of the Settlement Class to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, including Class Counsel's request for an award of attorneys' fees and costs, and the procedures to do so; and (5) appropriate information about the consequences of failing to submit a Claim Form or failing to comply with the procedures and the deadline for opting out of, or objecting to, the*

> *Settlement…Accordingly, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and California laws and due process. The Court finally approves the Notice Plan in all respects…Any objections to the notice provided to the Class are hereby overruled.*

**Honorable David O. Carter,** ***Cobb v. BSH Home Appliances Corp.***, (August 25, 2014) No. 8:10-CV-0711 (C.D. Cal.):

> *…the Court also finding that the proposed notice plan and forms of notice are the best notice practicable under the circumstances and satisfy all requirements of the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 23(c)(b)(2); and for good cause shown,*
> *IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend the Illinois Class Definition is GRANTED; and it is further ORDERED that Plaintiffs' Motion for Approval of Notice Plan and Proposed Forms of Notice is GRANTED.*

**Judge Gregory A. Presnell,** ***Poertner v. The Gillette Co. and The Procter & Gamble Co.***, (August 21, 2014) No. 6:12-CV-00803 (M.D. Fla.):

> *This Court has again reviewed the Notice and the accompanying documents and finds that the "best practicable" notice was given to the Class and that the Notice was "reasonably calculated" to (a) describe the Action and the Plaintiff's and Class Members' rights in it; and (b) apprise interested parties of the pendency of the Action and of their right to have their objections to the Settlement heard. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810 (1985). This Court further finds that Class Members were given a reasonable opportunity to opt out of the Action and that they were adequately represented by Plaintiff Joshua D. Poertner. See Id. The Court thus reaffirms its findings that the Notice given to the Class satisfies the requirements of due process and holds that it has personal jurisdiction over all Class Members.*

**Honorable Curtis L. Collier,** ***In re: Skelaxin (Metaxalone) Antitrust Litigation***, (August 5, 2014) No. 1:12-md-02343 (E.D. Tenn.):

> *The proposed form of Notice to End-Payor Settlement Class Members of the pendency and proposed settlement of this action ("Settlement Notice") set forth in the Notice Plan and Declaration of Carla Peak and the proposed method of dissemination of the Settlement Notice ("Notice Plan")—first to Third-Party Payors and then to Consumers—satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved.*

**Honorable Christina A. Snyder,** ***Roberts v. Electrolux Home Products, Inc.***, (May 5, 2014) No. 8:12-CV-01644 (C.D. Cal.):

> *The Court finds that the Notice Plan set forth in the Settlement Agreement (§ V. of that Agreement)…is the best notice practicable under the circumstances, and constitutes sufficient notice to all persons entitled to notice. The Court further preliminarily finds that the Notice itself IS appropriate, and complies with Rules 23(b)(3), 23(c)(2)(B), and 23(e) because it describes in plain language (1) the nature of the action, (2) the definition of the Settlement Class and Subclasses, (3) the class claims, issues or defenses, (4) that a class member may enter an appearance through an attorney if the member so desires, (5) that the Court will exclude from the class any member who requests exclusion, (6) the time and manner for requesting exclusion, and (7) the binding effect of a judgment on Settlement Class Members under Rule 23(c)(3) and the terms of the releases. Accordingly, the Court approves the Notice Plan in all respects…*

12

**Honorable Jose L. Linares,** *In re Hypodermic Products Antitrust Litigation*, (March 17, 2014) MDL No. 1730, No. 2:05-CV-01602 (D. N.J.):

> The Class Notice provides a description of the Indirect Purchaser Class, the procedural status of the litigation, a brief description of the plan of allocation, the court approval process for the proposed Settlement, and the significant terms of the Settlement. The Class Notice also fully informed members of the Indirect Purchaser Class of their rights with respect to the Settlement, including the right to opt out of, object to the Settlement, or otherwise be heard as to the reasonableness and fairness of the Settlement. The Class Notice also informed members of the Indirect Purchaser Class of their right to object to Indirect Purchaser Plaintiffs' Lead Counsel's application for an award of attorneys' fees, an award of incentive fees, and reimbursement of expenses from the Settlement Fund.…The Class Notice met the statutory requirements of notice under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

**Honorable William E. Smith,** *Cappalli v. BJ's Wholesale Club, Inc.*, (December 12, 2013) No. 1:10-CV-00407 (D. R.I.):

> The Court finds that the form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of these proceedings of the proposed Settlement, and of the terms set forth in the Stipulation and first Joint Addendum, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.

**Judge Gregory A. Presnell,** *Poertner v. The Gillette Co. and The Procter & Gamble Co.*, (November 5, 2013) No. 6:12-CV-00803 (M.D. Fla.):

> The proposed Class Notice and Claim Form are approved as to form and content. The Court finds that the content of the Class Notice and the Claim Form satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process and accordingly approves them…The Court finds that compliance with the Notice Plan is the best practicable notice under the circumstances and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.

**Honorable Jose L. Linares,** *In re Hypodermic Products Antitrust Litigation*, (November 4, 2013) No. 2:05-CV-01602 (D. N.J.):

> Upon reviewing Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Class Certification and Approval of Notice Plan and the Declarations of Karin E. Fisch, Esq. and Carla A. Peak and the documents attached thereto, it is hereby ORDERED, ADJUDGED AND DECREED as follows:…Proposed forms of Notice are attached hereto as Exhibit A. The Court finds that the form fairly and adequately: (i) describes the terms and effect of the Settlement Agreement and of the Settlement; (ii) notifies the Indirect Purchaser Class concerning the proposed plan of allocation and distribution; (iii) notifies the Indirect Purchaser Plaintiffs' Lead Counsel will seek attorneys' fees not to exceed one-third of the Settlement Fund, reimbursement of expenses and incentive fees; (iv) gives notice to the Indirect Purchaser Class of the time and place of the Fairness Hearing; and (v) describes how the recipients of the Notice may submit a claim, exclude themselves from the Settlement or object to any of the relief requested.

**Judge Marilyn L. Huff,** ***Beck-Ellman v. Kaz USA, Inc.***, (June 11, 2013) No. 3:10-cv-02134 (S. D. Cal.):

> *The Notice Plan has now been implemented in accordance with the Court's Preliminary Approval Order. The Publication Notice was designed to provide potential class members with information about the Settlement and their rights, in easy-to-comprehend language… The Notice Plan was specially developed to cause class members to see the Publication Notice or see an advertisement that directed them to the Settlement Website. KCC identified that the class members belong to a demographic group known as "Pain Relief Users." The Heating Pads are considered a Pain Relief product. The publications that KCC's Notice Plan used are publications and websites whose viewers and readers include a high percentage of Pain Relief product users…The Court concludes that the Class Notice fully satisfied the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure and all due process requirements.*

**Judge Tom A. Lucas,** ***Stroud v. eMachines, Inc.***, (March 27, 2013) No. CJ-2003-968 L (D. Ct. Cleveland Cnty, Okla.):

> *The Notices met the requirements of Okla. Stat. tit. 12 section 2023(C), due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto. All objections are stricken. Alternatively, considered on their merits, all objections are overruled.*

**Judge Marilyn L. Huff,** ***Beck-Ellman v. Kaz USA, Inc.*** (January 7, 2013) No. 3:10-cv-02134 (S. D. Cal.):

> *The proposed Class Notice, Publication Notice, and Settlement Website are reasonably calculated to inform potential Class members of the Settlement, and are the best practicable methods under the circumstances… Notice is written in easy and clear language, and provides all needed information, including: (l) basic information about the lawsuit; (2) a description of the benefits provided by the settlement; (3) an explanation of how Class members can obtain Settlement benefits; (4) an explanation of how Class members can exercise their rights to opt-out or object; (5) an explanation that any claims against Kaz that could have been litigated in this action will be released if the Class member does not opt out; (6) the names of Class Counsel and information regarding attorneys' fees; (7) the fairness hearing date and procedure for appearing; and (8) the Settlement Website and a toll free number where additional information, including Spanish translations of all forms, can be obtained. After review of the proposed notice and Settlement Agreement, the Court concludes that the Publication Notice and Settlement Website are adequate and sufficient to inform the class members of their rights. Accordingly, the Court approves the form and manner of giving notice of the proposed settlement.*

**Judge Tom A. Lucas,** ***Stroud v. eMachines, Inc.***, (December 21, 2012) No. CJ-2003-968 L (D. Ct. Cleveland Cnty, Okla.):

> *The Plan of Notice in the Settlement Agreement as well as the content of the Claim Form, Class Notice, Post-Card Notice, and Summary Notice of Settlement is hereby approved in all respects. The Court finds that the Plan of Notice and the contents of the Class Notice, Post-Card Notice and Summary Notice of Settlement and the manner of their dissemination described in the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under the circumstances, to apprise Putative Class Members of the pendency of this action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Certified Settlement Class and, therefore, the Plan of Notice, the Class*

> *Notice, Post-Card Notice and Summary Notice of Settlement are approved in all respects. The Court further finds that the Class Notice, Post-Card Notice and Summary Notice of Settlement are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process.*

**Honorable Michael M. Anello,** ***Shames v. The Hertz Corporation***, (November 5, 2012) No. 3:07-cv-02174 (S.D. Cal.):

> *…the Court is satisfied that the parties and the class administrator made reasonable efforts to reach class members. Class members who did not receive individualized notice still had opportunity for notice by publication, email, or both…The Court is satisfied that the redundancies in the parties' class notice procedure—mailing, e-mailing, and publication—reasonably ensured the widest possible dissemination of the notice…The Court OVERRULES all objections to the class settlement…*

**Judge Ann D. Montgomery,** ***In Re: Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation***, (July 9, 2012) No. 11-MD-2247 (D. Minn.):

> *The objections filed by class members are overruled; The notice provided to the class was reasonably calculated under the circumstances to apprise class members of the pendency of this action, the terms of the Settlement Agreement, and their right to object, opt out, and appear at the final fairness hearing;…*

**Judge Ann D. Montgomery,** ***In Re: Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation***, (June 29, 2012) No. 11-MD-2247 (D. Minn.):

> *After the preliminary approval of the Settlement, the parties carried out the notice program, hiring an experienced consulting firm to design and implement the plan. The plan consisted of direct mail notices to known owners and warranty claimants of the RTI F1807 system, direct mail notices to potential holders of subrogation interests through insurance company mailings, notice publications in leading consumer magazines which target home and property owners, and earned media efforts through national press releases and the Settlement website. The plan was intended to, and did in fact, reach a minimum of 70% of potential class members, on average more than two notices each…The California Objectors also take umbrage with the notice provided the class. Specifically, they argue that the class notice fails to advise class members of the true nature of the aforementioned release. This argument does not float, given that the release is clearly set forth in the Settlement and the published notices satisfy the requirements of Rule 23(c)(2)(B) by providing information regarding: (1) the nature of the action class membership; (2) class claims, issues, and defenses; (3) the ability to enter an appearance through an attorney; (4) the procedure and ability to opt-out or object; (5) the process and instructions to make a claim; (6) the binding effect of the class judgment; and (7) the specifics of the final fairness hearing.*

**Honorable Michael M. Anello,** ***Shames v. The Hertz Corporation***, (May 22, 2012) No. 3:07-cv-02174 (S.D. Cal.):

> *The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, substantially in the forms of Exhibits A-1 through A-6, as appropriate, (individually or collectively, the "Notice"), and finds that the e-mailing or mailing and distribution of the Notice and publishing of the Notice substantially in the manner and form set forth in ¶ 7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.*

**Judge Anthony Powell,** *Molina v. Intrust Bank, N.A.*, (May 21, 2012) No. 10-CV-3686 (18th J.D. Ct., Kan.):

> The form, content, and method of dissemination of Class Notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceeding to all persons entitled to such notice, and said notice fully satisfied the requirements of K.S.A. § 60-223 and due process.

**Judge Ronald L. Bauer,** *Blue Cross of California Website Securities Litigation*, (April 5, 2012) No. JCCP 4647 (Super. Ct. Cal.):

> The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Person entitled to such notice, and said notice satisfied the requirements of California Rules of Court, Rule 3,766(e) and (f),  and due process.

**Judge Ann D. Montgomery,** *In Re: Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, (January 18, 2012) No. 11-MD-2247 (D. Minn.):

> The Notice Plan detailed by KCC in the Affidavit of Gina M. Intrepido-Bowden provides the best notice practicable under the circumstances and constitutes due and sufficient notice of the Settlement Agreement and the Final Fairness Hearing to the Classes and all persons entitled to receive such notice as potential members of the Class…The Notice Plan's multi-faceted approach to providing notice to Class Members whose identity is not known to the Settling Parties constitutes 'the best notice that is practicable under the circumstances' consistent with Rule 23(c)(2)(B)…Notice to Class members must clearly and concisely state the nature of the lawsuit and its claims and defenses, the Class certified, the Class member's right to appear through an attorney or opt out of the Class, the time and manner for opting out, and the binding effect of a class judgment on members of the Class. Fed. R. Civ. P. 23(c)(2)(B). Compliance with Rule 23's notice requirements also complies with Due Process requirements. 'The combination of reasonable notice, the opportunity to be heard, and the opportunity to withdraw from the class satisfy due process requirements of the Fifth Amendment.' Prudential, 148 F.3d at 306. The proposed notices in the present case meet those requirements.

**Judge Jeffrey Goering,** *Molina v. Intrust Bank, N.A.*, (January 17, 2012) No. 10-CV-3686 (18th J.D. Ct. Ks.):

> The Court approved the form and content of the Class Notice, and finds that transmission of the Notice as proposed by the Parties meets the requirements of due process and Kansas law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.

**Judge Charles E. Atwell,** *Allen v. UMB Bank, N.A.*, (October 31, 2011) No. 1016-CV34791 (Cir. Ct. Mo.):

> The form, content, and method of dissemination of Class Notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient

*notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 52.08 of the Missouri Rules of Civil Procedure and due process.*

**Judge Charles E. Atwell,** *Allen v. UMB Bank, N.A.*, (June 27, 2011) No. 1016-CV34791 (Cir. Ct. Mo.):

*The Court approves the form and content of the Class Notice, and finds that transmission of the Notice as proposed by the Parties meets the requirements of due process and Missouri law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.*

**Judge Jeremy Fogel,** *Ko v. Natura Pet Products, Inc.*, (June 24, 2011) No. 5:09cv2619 (N.D. Cal.):

*The Court approves, as to form and content, the Long Form Notice of Pendency and Settlement of Class Action ("Long Form Notice"), and the Summary Notice attached as Exhibits to the Settlement Agreement, and finds that the e-mailing of the Summary Notice, and posting on the dedicated internet website of the Long Form Notice, mailing of the Summary Notice post-card, and newspaper and magazine publication of the Summary Notice substantially in the manner as set forth in this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to notice.*

**Judge M. Joseph Tiemann,** *Billieson v. City of New Orleans*, (May 27, 2011) No. 94-19231 (Civ. D. Ct. La.):

*The plan to disseminate notice for the Insurance Settlements (the "Insurance Settlements Notice Plan") which was designed at the request of Class Counsel by experienced Notice Professionals Gina Intrepido-Bowden and Carla A. Peak… IT IS ORDERED as follows: 1. The Insurance Settlements Notice Plan is hereby approved and shall be executed by the Notice Administrator; 2. The Insurance Settlements Notice Documents, substantially in the form included in the Insurance Settlements Notice Plan, are hereby approved.*

**Judge James Robertson,** *In re Department of Veterans Affairs (VA) Data Theft Litig.*, (February 11, 2009) MDL No. 1796 (D.C.):

*The Court approves the proposed method of dissemination of notice set forth in the Notice Plan, Exhibit 1 to the Settlement Agreement. The Notice Plan meets the requirements of due process and is the best notice practicable under the circumstances. This method of Class Action Settlement notice dissemination is hereby approved by the Court.*

**Judge Louis J. Farina,** *Soders v. General Motors Corp.*, (December 19, 2008) No. CI-00-04255 (C.P. Pa.):

*The Court has considered the proposed forms of Notice to Class members of the settlement and the plan for disseminating Notice, and finds that the form and manner of notice proposed by the parties and approved herein meet the requirements of due process, are the best notice practicable under the circumstances, and constitute sufficient notice to all persons entitled to notice.*

**Judge Robert W. Gettleman,** *In Re Trans Union Corp.*, (September 17, 2008) MDL No. 1350 (N.D. Ill.):

*The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law…Accordingly, all objections are hereby OVERRULED.*

**Judge William G. Young,** *In re TJX Companies*, (September 2, 2008) MDL No. 1838 (D. Mass.):

*…as attested in the Affidavit of Gina M. Intrepido…The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

**Judge David De Alba,** *Ford Explorer Cases*, (May 29, 2008) JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):

*[T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved -- submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.*

**Judge Kirk D. Johnson,** *Hunsucker v. American Standard Ins. Co. of Wisconsin*, (August 10, 2007) No. CV-2007-155-3 (Cir. Ct. Ark.):

*Having admitted and reviewed the Affidavits of Carla Peak and Christine Danielson concerning the success of the notice campaign, including the fact that written notice reached approximately 86% of the potential Class Members, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but failed to do so…Specifically, the Court received and admitted affidavits from Carla Peak and Christine Danielson, setting forth the scope and results of the notice campaign. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice and settlement website as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order was the best notice practicable under the circumstances to all members of the Settlement Class.*

## Speaking Engagements

*"A Winning Hand or a Flop?" After 50 Years, Are Class Actions Still Legit?*, AMERICAN BAR ASSOCIATION 20th Annual National Institute on Class Actions, Carla Peak presenter/panelist (October 2016).

*Class Action Notice Requirements: Leveraging Traditional and Emerging Media to Reach Class Members*, STRAFFORD, Carla Peak presenter/panelist (April 2016).

*Ethics in Legal Notification*, accredited CLE Program, Gina Intrepido-Bowden, presented in Radnor at Kessler Topaz Meltzer & Check LLP (September 2015); Carla Peak & Patrick Ivie,

presented in Philadelphia at Class Action Preservation Project (November 2014); Carla Peak & Robert DeWitte, presented in Philadelphia at Saltz, Mongeluzzi, Barrett & Bendesky, P.C. (August 2014); Gina Intrepido-Bowden & Patrick Ivie, presented in Utah at The St. Regis Deer Valley Resort (March 2014); Gina Intrepido-Bowden, Carla Peak & Steven Weisbrot, presented in New York at Morgan Lewis & Bockius (December 2012).

*Big Shoulders and High Standards. Can Plaintiffs Scale the Third Circuit's New Ascertainability Wall?* AMERICAN BAR ASSOCIATION 18th Annual National Institute on Class Actions, Gina Intrepido-Bowden presenter/panelist (October 2014).

*The Ethics of Class Action Settlements,* CHICAGO BAR ASSOCIATION, Class Litigation Committee, Carla Peak presenter/panelist (June 2014).

*Pitfalls of Class Action Notice and Settlement Administration,* accredited CLE Program, Carla Peak and Robert DeWitte, presented in Miami at Harke Clasby & Bushman LLP (March 2014); PRACTISING LAW INSTITUTE (PLI), Class Action Litigation 2013, Gina Intrepido-Bowden and Robert DeWitte presenters/panelists (July 2013).

*Designing a Settlement and Notice Program to Minimize Scrutiny and Objections,* AMERICAN CONFERENCE INSTITUTE (ACI), 16th National Conference on Consumer Finance Class Actions & Litigation, Gina Intrepido-Bowden presenter/panelist (July 2013).

*The Fundamentals of Settlement Administration* accredited CLE Program, Carla Peak and Steven Weisbrot, presented in Philadelphia at DLA Piper LLP (August 2013); Carla Peak and Robert DeWitte, presented in Illinois at Locke Lord LLP and broadcast to offices in California, Georgia, New York, Texas and London (April 2013); Gina Intrepido-Bowden and Robert DeWitte, presented in Illinois at Skadden, Arps, Slate, Meagher & Flom LLP and Wexler Wallace LLP (January 2013); Gina Intrepido-Bowden and Robert DeWitte, presented in Illinois at Hinshaw & Culbertson LLP (October 2012); Gina Intrepido-Bowden and Rob Taylor-Manning, presented in Pennsylvania at Spector Roseman Kodroff & Willis, P.C. (December 2011).

*Class Action Settlement Administration Tips & Pitfalls on the Path to Approval* accredited CLE Program, Carla Peak, Gina Intrepido-Bowden & Robert DeWitte, presented in Illinois at Jenner & Block and broadcast to offices in Washington DC, New York and California (October 2012).

*Perspectives from Class Action Claims Administrators: Innovations in Notification*, CLE INTERNATIONAL, 8th Annual Class Actions Conference, Gina Intrepido-Bowden, presenter/panelist (May 2012).

*Innovations in Notification*, CHICAGO BAR ASSOCIATION, Class Litigation Committee Spring Seminar, Carla Peak, presenter (May 2012).

*Ethical Considerations in Canadian Class Actions*, accredited CLE Program, Gina Intrepido-Bowden and Robert Taylor-Manning, presented in Canada at Rochon Genova, LLP (April 2012).

*Reaching Class Members & Driving Take Rates*, CONSUMER ATTORNEYS OF SAN DIEGO, 4th Annual Class Action Symposium, Gina Intrepido-Bowden, presenter/panelist (October 2011).

*Legal Notice Ethics*, accredited CLE Program, Gina Intrepido-Bowden, Carla Peak & Elizabeth Grande, presented in New York at Cohen Milstein Sellers & Toll PLLC and Milberg LLP (May 2010), in Illinois at Miller Law LLC (May 2010), in Pennsylvania at Berger & Montague, P.C., Anapol Schwartz, Lundy Law, and Dechert LLP, which was broadcast to offices in California, New Jersey, New York, North Carolina, Texas, Washington D.C., and London and sent via video to their office in China (October 2010), and in Minnesota at Heins Mills & Olson, P.L.C., Lockridge Grindal Nauen P.L.L.P., and Chestnut Cambronne (January 2011).

*Class Actions 101: Best Practices and Potential Pitfalls in Providing Class Notice*, accredited CLE Program, Brian Christensen, Gina Intrepido & Richard Simmons, presented to Kansas Bar Association (March 2009).

# Articles

Carla Peak and Steven Weisbrot. *How to Design Your Notice to Minimize Professional Objectors,* Class Action Lawsuit Defense: Class Action Defense News, Developments and Commentary provided by BakerHostetler (www.classactionlawsuitdefense.com) (July 20, 2012).

Carla Peak, *Is your legal notice designed to be noticed?* WESTLAW JOURNAL CLASS ACTION Vol.18 Issue 10 (2011).

John B. Isbister, Todd B. Hilsee & Carla A. Peak, *Seven Steps to a Successful Class Action Settlement*, AMERICAN BAR ASSOCIATION, SECTION OF LITIGATION, CLASS ACTIONS TODAY 16 (2008).

Todd B. Hilsee, Gina M. Intrepido & Shannon R. Wheatman, *Hurricanes, Mobility and Due Process: The "Desire-to-Inform" Requirement for Effective Class Action Notice Is Highlighted by Katrina*, 80 TULANE LAW REV. 1771 (2006); reprinted in course materials for: AMERICAN BAR ASSOCIATION, 10th Annual National Institute on Class Actions (2006); NATIONAL BUSINESS INSTITUTE, Class Action Update: Today's Trends & Strategies for Success (2006); CENTER FOR LEGAL EDUCATION INTERNATIONAL, Class Actions: Prosecuting and Defending Complex Litigation (2007).

Gina M. Intrepido, *Notice Experts May Help Resolve CAFA Removal Issues, Notification to Officials*, 6 CLASS ACTION LITIG. REP. 759 (2005).

Todd B. Hilsee, Shannon R. Wheatman, & Gina M. Intrepido, *Do You Really Want Me to Know My Rights? The Ethics Behind Due Process in Class Action Notice Is More Than Just Plain Language: A Desire to Actually Inform*, 18 GEORGETOWN JOURNAL LEGAL ETHICS 1359 (2005).

# Legal Notice Case Examples

Following is a list of cases in which our expert(s) have been involved in the design and implementation of the notice program and/or notice documents:

| | |
|---|---|
| *Naef v. Masonite Corp (Hardboard Siding)* | Cir. Ct. Ala., CV-94-4033 |
| *Williams v. Weyerhaeuser Co. (Hardboard Siding)* | Cal. Super. Ct., CV-995787 |
| *In re Babcock and Wilcox Co. (Asbestos Related Bankruptcy)* | E.D. La., 00-10992 |
| *Brown v. Am. Tobacco* | Cal. Super. Ct., J.C.C.P. 4042 No. 711400 |
| *Microsoft I-V Cases (Antitrust Litig. Mirroring Justice Dept.)* | Cal. Super. Ct., J.C.C.P. No. 4106 |
| *Scott v. Blockbuster, Inc. (Extended Viewing Fees)* | 136th Tex. Jud. Dist., No. D 162-535 |
| *Talalai v. Cooper Tire & Rubber Co. (Tire Layer Adhesion)* | N.J. Super. Ct., No. MID-L-8839-00 MT |
| *Thompson v. Metropolitan Life Ins. Co. (Race Related Sales Practices)* | S.D. N.Y., No. 00-CIV-5071 HB |
| *Ervin v. Movie Gallery Inc. (Extended Viewing Fees)* | Tenn. Ch. Fayette Co., No. CV-13007 |
| *Walker v. Rite Aid of PA, Inc. (PA Act 6)* | C.P. Pa., No. 99-6210 |
| *Myers v. Rite Aid of PA, Inc. (PA Act 6)* | C.P. Pa., No. 01-2771 |
| *Baker v. Jewel Food Stores, Inc. & Dominick's Finer Foods, Inc. (Milk Price Fixing)* | Cir. Ct. Ill. Cook Co., No. 00-L-9664 |
| *In re Columbia/HCA Healthcare Corp. (Billing Practices Litig.)* | M.D. Tenn., MDL No. 1227 |
| *Soders v. General Motors Corp. (Marketing Initiative)* | C.P. Pa., No. CI-00-04255 |

| | |
|---|---|
| *Nature Guard Cement Roofing Shingles Cases* | Cal. Super. Ct., J.C.C.P. No. 4215 |
| *Defrates v. Hollywood Entertainment Corp. (Extended Viewing Fees)* | Cir. Ct. Ill., St. Clair. Co., No. 02L707 |
| *West v. G&H Seed Co. (Crawfish Farmers)* | 27th Jud. D. Ct. La., No. 99-C-4984-A |
| *Baiz v. Mountain View Cemetery (Burial Practices)* | Cal. Super. Ct., No. 809869-2 |
| *Richison v. American Cemwood Corp. (Roofing Durability)* | Cal. Super. Ct., No. 005532 |
| *Friedman v. Microsoft Corp. (Antitrust)* | Ariz. Super. Ct., No. CV 2000-000722 |
| *Davis v. Am. Home Prods. Corp. (Norplant Contraceptive)* | Civ. D. Ct. La., Div. K, No. 94-11684 |
| *Gordon v. Microsoft Corp. (Antitrust)* | D. Minn., No. 00-5994 |
| *Fisher v. Virginia Electric & Power Co.* | E.D. Va., No 3:02-CV-431 |
| *Bardessono v. Ford Motor Co. (15 Passenger Vans Outreach)* | Wash. Super. Ct., No. 32494 |
| *Gardner v. Stimson Lumber Co. (Forestex Siding)* | Wash. Super. Ct., No. 00-2-17633-3SEA |
| *Nichols v. SmithKline Beecham Corp. (Paxil)* | E.D. Pa., No. 00-6222 |
| *In re Educ. Testing Serv. PLT 7-12 Test Scoring* | E.D. La., 2:04md1643 |
| *In re Serzone Products Liability* | S.D. W. Va., 02-md-1477 |
| *Ford Explorer Cases* | Cal. Super. Ct., JCCP Nos. 4226 & 4270 |
| *In re Lupron Marketing & Sales Practices* | D. Mass., MDL No.1430 |
| *Morris v. Liberty Mutual Fire Ins. Co.* | D. Okla., NO. CJ-03-714 |
| *Thibodeaux v. Conoco Philips Co.* | D. La., No. 2003-481 |
| *Morrow v. Conoco Inc.* | D. La., No. 2002-3860 |
| *Tobacco Farmer Transition Program* | U.S. Dept. of Agric. |
| *Froeber v. Liberty Mutual Fire Ins. Co.* | Cir. Ct. Ore., No. 00C15234 |
| *Carnegie v. Household Int'l, Inc.* | N. D. Ill., No. 98-C-2178 |
| *In re Royal Ahold Securities and "ERISA"* | D. Md., 1:03-md-01539 |
| *First State Orthopaedics et al. v. Concentra, Inc., et al.* | E.D. Pa., No. 2:05-CV-04951-AB |
| *Meckstroth v. Toyota Motor Sales, U.S.A., Inc.* | 24th Jud. D. Ct. La., No. 583-318 |
| *In re High Sulfur Content Gasoline Products Liability* | E.D. La., MDL No. 1632 |
| *Desportes v. American General Assurance Co.* | Ga. Super. Ct., No. SU-04-CV-3637 |
| *In re Residential Schools Litigation* | Ont. Super. Ct., 00-CV-192059 CPA |
| *Turner v. Murphy Oil USA, Inc.* | E.D. La., No. 2:05-CV-04206-EEF-JCW |
| *Carter v. North Central Life Ins. Co.* | Ga. Super. Ct., No. SU-2006-CV-3764-6 |
| *Friedman v. Microsoft Corp. (Antitrust)* | Ariz. Super. Ct., No. CV 2000-000722 |
| *Ciabattari v. Toyota Motor Sales, U.S.A., Inc.* | N.D. Cal., No. C-05-04289-BZ |
| *Peek v. Microsoft Corporation* | Cir. Ct. Ark., No. CV-2006-2612 |
| *Reynolds v. The Hartford Financial Services Group, Inc.* | D. Ore., No. CV-01-1529 BR |
| *Zarebski v. Hartford Insurance Co. of the Midwest* | Cir. Ct. Ark., No. CV-2006-409-3 |
| *In re Parmalat Securities* | S.D. N.Y., 1:04-md-01653 (LAK) |

| | |
|---|---|
| *Beasley v. The Reliable Life Insurance Co.* | Cir. Ct. Ark., No. CV-2005-58-1 |
| *Sweeten v. American Empire Insurance Company* | Cir. Ct. Ark., No. 2007-154-3 |
| *Gunderson v. F.A. Richard & Associates, Inc. (FARA)* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *Gunderson v. F.A. Richard & Associates, Inc. (Focus)* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *Hunsucker v. American Standard Ins. Co. of Wisconsin* | Cir. Ct. Ark., No., CV-2007-155-3 |
| *Burgess v. Farmers Insurance Co., Inc.* | D. Okla., No. CJ-2001-292 |
| *Grays Harbor v. Carrier Corporation* | W.D. Wash., No. 05-05437-RBL |
| *Donnelly v. United Technologies Corp.* | Ont. S.C.J., 06-CV-320045CP |
| *Wener v. United Technologies Corp.* | QC. Super. Ct., 500-06-000425-088 |
| *Brookshire Bros. v. Chiquita (Antitrust)* | S.D. Fla., No. 05-CIV-21962 |
| *Johnson v. Progressive* | Cir. Ct. Ark., No. CV-2003-513 |
| *Bond v. American Family Insurance Co.* | D. Ariz., CV06-01249-PXH-DGC |
| *Angel v. U.S. Tire Recovery (Tire Fire)* | Cir. Ct. W. Va., No. 06-C-855 |
| *In re TJX Companies Retail Security Breach* | D. Mass., MDL No. 1838 |
| *Webb v. Liberty Mutual Insurance Co.* | Cir. Ct. Ark., No. CV-2007-418-3 |
| *Shaffer v. Continental Casualty Co. (Long Term Care Insurance)* | C.D. Cal., SACV06-2235-PSG (PJWx) |
| *Palace v. DaimlerChrysler (Neon Head Gaskets)* | Cir. Ct. Ill., Cook Co., No. 01-CH-13168 |
| *Beringer v. Certegy Check Services, Inc. (Data Breach)* | M.D. Fla., No. 8:07-cv-1657-T-23TGW |
| *Lockwood v. Certegy Check Services, Inc. (Data Breach)* | M.D. Fla., No. 2:07-CV-587-FtM-29-DNF |
| *Sherrill v. Progressive Northwestern Ins. Co.* | 18th D. Ct. Mont., No. DV-03-220 |
| *Gunderson v. F.A. Richard & Associates, Inc. (AIG)* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *Jones v. Dominion Transmission, Inc.* | S.D. W. Va., No. 2:06-cv-00671 |
| *Gunderson v. F.A. Richard & Associates, Inc. (Wal-Mart)* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *In re Trans Union Corp. Privacy (Data Breach)* | N.D. Ill., MDL No. 1350 |
| *Gunderson v. F.A. Richard & Associates., Inc. (Amerisafe)* | 14th Jud. D. Ct. La., No. 2004-002417 |
| *Bibb v. Monsanto Co. (Nitro)* | Cir. Ct. W.Va., No. 041465 |
| *Carter v. Monsanto Co. (Nitro)* | Cir. Ct. W.Va., No. 00-C-300 |
| *In re U.S. Department of Veterans Affairs (VA) Data Breach* | D. D.C., MDL 1796 |
| *In re Countrywide Financial Corp. Customer Data Security Breach* | W.D. Ky., MDL No. 3:08-md-1998 |
| *Dolen v. ABN AMRO Bank N.V. (Callable CDs)* | Nos. 01-L-454 & 01-L-493 |
| *Griffin v. Dell Canada Inc.* | Ont. Super. Ct., No. 07-CV-325223D2 |
| *Plubell v. Merck & Co., Inc.* | Cir. Ct. Mo., No. 04CV235817-01 |
| *Billieson v. City of New Orleans* | Civ. D. Ct. La., No. 94-19231 |
| *Anderson v. Government of Canada* | Sup. Ct. NL, No. 2008NLTD166 |
| *Ko v. Natura Pet Products, Inc.* | N.D. Cal., No. 5:09cv02619 |
| *Allen v. UMB Bank, N.A.* | Cir. Ct. Mo., No. 1016-CV34791 |

| | |
|---|---|
| *Blue Cross of California Website Security Cases* | Sup. Ct. Cal., No. JCCP 4647 |
| *Alvarez v. Haseko Homes, Inc.* | Cir. Ct. HI., No. 09-1-2691-11 |
| *LaRocque v. TRS Recovery Services, Inc.* | D. Maine, No. 2:11cv00091 |
| *In re: Zurn Pex Plumbing Products Liability Litig.* | D. Minn., MDL No. 08-1958 |
| *Molina v. Intrust Bank, N.A.* | 18th Jud. D. Ct., 10-cv-3686 |
| *In Re: Uponor, Inc., F1807 Products Liability Litigation* | D. Minn., MDL No. 2247 |
| *Shames v. The Hertz Corporation* | S.D. Cal., No. 07cv2174-MMA |
| *Stroud v. eMachines, Inc.* | D. Ct. Cleveland Cnty, Okla., No. CJ-2003-968-L |
| *Holman v. Experian Information Solutions, Inc.* | N.D. Cal., No. 4:11cv00180 |
| *Beck-Ellman v. Kaz USA Inc.* | S.D. Cal., No. 10-cv-2134 |
| *Lee v. Stonebridge Life Insurance Company* | N.D. Cal., No. 3:11-cv-00043 |
| *Steinfeld v. Discover Financial Services* | N.D. Cal., No. 3:12-cv-01118 |
| *Cappalli v. BJ's Wholesale Club, Inc.* | D. R.I., No. 1:10-cv-00407 |
| *Poertner v. The Gillette Co. and The Procter & Gamble Co.* | M.D. Fla., No. 6:12-cv-00803 |
| *In re Hypodermic Products Antitrust Litigation* | D. N.J., No. 2:05-cv-01602 |
| *McCrary v. The Elations Company, LLC (class certification)* | C.D. Cal., No. 13-cv-00242 |
| *Lerma v. Schiff Nutrition International, Inc.* | S.D. Cal., No. 3:11-cv-01056 |
| *Charles v. Haseko Homes, Inc.* | Cir. Ct. HI., No. 09-1-2697-11 |
| *Kai v. Haseko Homes, Inc.* | Cir. Ct. HI., No. 09-1-2834-12 |
| *Roberts v. Electrolux Home Products, Inc.* | C.D. Cal., No. 8:12-cv-01644 |
| *Demereckis v. BSH Home Appliances Corporation* (Certification) | C.D. Cal., No. 8:10-cv-00711 |
| *In re Skelaxin (Metaxalone) Antitrust Litigation* | E.D. Ten., MDL 2343, No. 1:12-cv-194 |
| *Demmick v. Cellco Partnership d/b/a Verizon Wireless* | D. Ct. N.J., No. 06-cv-2163 |
| *Cobb v. BSH Home Appliances Corporation* | C.D. Cal., No. 8:10-cv-00711 |
| *Fond du Lac Bumper Exchange Inc. v. Jui Li Enterprise Co. Ltd. (Direct & Indirect Purchasers Classes)* | E.D. Wis., No. 2:09-cv-00852 |
| *Thomas v. Lennox Industries Inc.* | N.D. Ill., No. 1:13-cv-07747 |
| *In re Sears, Roebuck and Co. Front-Loading Washer Products Liability Litigation* | N.D. Ill., No. 1:06-cv-07023 |
| *Chambers v. Whirlpool Corporation* | C.D. Cal., No. 8:11-cv-01733 |
| *The Dial Corp. v. News Corp.* | S.D.N.Y., No. 1:13-cv-06802 |
| *Cole v. Asurion Corporation* | C.D. Cal., 2:06-cv-6649 |
| *Stender v. Archstone-Smith Operating Trust* | D. Colo., 1:07-cv-02503 |
| *Campos v. Calumet Transload Railroad, LLC* | N.D. Ill., 1:13-cv-08376 |
| *In re: The Home Depot, Inc., Customer Data Security Breach Litig.* | N.D. Ga., 1:14-md-02583 |
| *Russell v. Kohl's Department Stores, Inc.* | C. D. Cal., No 5:15-cv-01143 |
| *Barba v. Shire U.S., Inc.* | S.D. Fla., No. 1:13-cv-21158 |
| *Giuliano v. SanDisk Corporation* | N.D. Cal., No. 4:10-cv-2787 |

| | |
|---|---|
| *Anderson v. The Attorney General of Canada* | Sup. Ct. NL, No. 2007 01T4955CP |
| *Kearney v. Equilon Enterprises LLC* | D. Ore., No. 3:14-cv-00254 |
| *Jammal v. American Family Ins. Grp.* | N.D. Ohio, No. 1:13-cv-00437 |
| *Q+ Food, LLC v. Mitsubishi Fuso Truck of America, Inc.* | D. N.J., No 3:14-cv-06046 |
| *In Re: Rust-Oleum Restore Marketing , Sales Practices and Products Liability Litigation* | N.D. Ill., No. 1:15-cv01364 |
| *Johnson v. Yahoo! Inc.* | N.D. Ill., No. 1:14-cv02028 |
| *Wells v. Abbott Laboratories, Inc.* | Sup. Ct. Cal., No. BC389753 |
| *Rafofsky v. Nissan North America, Inc.* | C.D. Cal., No. 2:15-cv-01848 |
| *In re Yapstone Data Breach* | N.D. Cal., No. 4:15-cv-04429 |
| *Lavinsky v. City of Los Angeles* | Sup. Ct. Cal., No. BC542245 |
| *Mullins v. Direct Digital LLC.* | N.D. Ill., No. 1:13-cv-01829 |
| *In re: Solodyn (Minocycline Hydrochloride) Antitrust Litigation (Direct Purchaser Class)* | D. Mass., No. 1:14-md-2503 |
| *Flaum v. Doctor's Associates, Inc. (d/b/a Subway)* | S.D. Fla., No. 16-cv-61198 |
| *Eck v. City of Los Angeles* | Sup. Ct. Cal., No. BC577028 |
| *Brill v. Bank of America, N.A.* | D. Ariz., No. 2:16-cv-03817 |
| *In re Lidoderm Antitrust Litigation* | N.D. Cal., 3:14-md-02521 |
| *Luster v. Wells Fargo Dealer Services, Inc.* | N.D. Ga., 1:15-cv-01058 |
| *Prather v. Wells Fargo Bank, N.A.* | N.D. Ga., 1:15-cv-04231 |
| *Technology Training Associates v.Buccaneers Limited Partnership* | M.D. Fla., 8:16-cv-01622 |
| *In re Asacol Antitrust Litigation* | D. Mass., No. 1:15-cv-12730 |
| *In re Anthem, Inc. Data Breach Litigation* | N.D. Cal., No. 15-md-02617 |

Following is a list of cases in which our expert(s) were involved with a critique of the notice program and/or notices:

| | |
|---|---|
| *Barbanti v. W.R. Grace and Co. (Zonolite/Asbestos Litig.)* | Wash. Super. Ct., 00201756-6 |
| *In re W.R. Grace Co. (Asbestos Related Bankruptcy)* | Bankr. D. Del., No. 01-3293-JCS |
| *In re USG Corp. (Asbestos Related Bankruptcy)* | Bankr. D. Del., No. 01-02094-RJN |
| *Johnson v. Ethicon, Inc. (Product Liability Litigation)* | Cir. Ct. W. Va., Nos. 01-C-1530, 1531, 1533, 01-C-2491 to 2500 |
| *Parsons/Currie v. McDonalds* | Ont. S.C.J., No. 02-CV-235958CP/No. 02-CV-238276 |
| *Chambers v. DaimlerChrysler Corp. (Neon Head Gaskets)* | N.C. Super. Ct., No. 01:CVS-1555 |
| *West v. Carfax, Inc.* | Ohio C.P., No. 04-CV-1898 (ADL) |
| *Perrine v. E.I. Du Pont De Nemours & Co.* | Cir. Ct. W. Va., No. 04-C-296-2 |
| *Clark v. Pfizer, Inc. (Neurontin)* | C.P. Pa. Phila. Co., No. 9709-3162 |
| *In re Motor Fuel Temperature Sales Practices Litig.* | D. Kan., MDL No. 1840 |
| *Gallucci v. Boiron, Inc.* | S.D. Ca., No. 3:11-cv-02039 |

| *Tchoboian v. FedEx Office and Print Services, Inc.* | C.D. Cal., No.10-CV01008 |
| *In re Vitamin C Antitrust Litigation* | E.D. N.Y., No. 1:06-md-1738 |