UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

| | |
|---|---|
| **IN RE: MONITRONICS INTERNATIONAL, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>    ALL CASES | No. 1:13-md-02493-JPB-MJA |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, the Second Amended Master Consolidated Complaint seeks class-wide relief under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*;

WHEREAS, the Named Plaintiffs in the Second Amended Master Consolidated Complaint, Jason Bennett, Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey, have filed a Motion for Preliminary Approval of a Class Action Settlement (the "Motion");

WHEREAS, the Motion attaches and incorporates a Settlement Agreement (the "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a class-wide basis, against Monitronics International, Inc. ("Monitronics") (Plaintiffs and Monitronics are collectively referred to as the "Parties") as more fully set forth below; and

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement, and all of the files, records, and proceedings herein, and the Court determining upon preliminary examination that the Settlement Agreement appears to be fair, reasonable and adequate, and that the proposed plan of notice to the Settlement

Class is the best notice practicable under the circumstances and consistent with requirements of due process and Federal Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the Settlement Class to determine whether this Court should enter a judgment finally approving the Settlement, dismissing the claims of the Named Plaintiffs and members of the Settlement Class against Monitronics.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

## Certification of Settlement Class

2.  Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Settlement Agreement.

3.  Under Rule 23(b)(3), and for purposes of settlement only, a "Settlement Class" is preliminarily certified, consisting of the following class:

> Any persons or entities within the United States who received, on or after May 18, 2007 through the date of entry of the Final Approval Order and Judgment received a Telemarketing Call made by Monitronics or a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or subdealer: (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, (b) to a residential telephone number through the use of an artificial or pre-recorded voice, or (c) to a cellular or residential number registered on the

national Do Not Call Registry more than once within any twelve-month period.

4. All persons who are members of the Settlement Class who do not submit a timely request for exclusion are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

5. For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) have been preliminarily satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representatives are typical of the claims of the Settlement Class Members; (d) the class representatives will fairly and adequately represent the interests of the Settlement Class Members; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds, for purposes of settlement only, that it is desirable to concentrate the claims in this forum and it is unlikely that there will be difficulties encountered in administering this Settlement.

6. Under Rule 23, and for settlement purposes only, plaintiffs Jason Bennett, Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey are appointed Class Representatives and the following are appointed as Class Counsel:

John W. Barrett
Jonathan R. Marshall
BAILEY & GLASSER LLP
209 Capitol St.
Charleston, WV 25301

Beth E. Terrell
Jennifer Rust Murray
TERRELL | MARSHALL LAW GROUP PLLC
936 N 34th Street, Suite 300
Seattle, WA 98103

Edward A. Broderick
Anthony I. Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

**Notice and Administration**

7. The Court hereby approves of Kurtzman Carson Consultants ("KCC") to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

8. The Court has carefully considered the Notice Plan set forth in the Settlement Agreement and plaintiffs' motion for preliminary approval. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23, the requirements of due process and any other applicable law, such that the terms of the Settlement Agreement, the releases

provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

9. The Court hereby approves the Notice Plan and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement and in the preliminary approval motion. The Settlement Administrator shall cause the Notice Plan to be commenced on or before sixty (60) days after the entry of the Preliminary Approval Order. Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Plan.

10. All costs of providing Notice to the Settlement Class, processing claims, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

### Exclusions

11. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

12. A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postmarked no later than February 18, 2018, to the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone number where he or she may be contacted and the telephone number(s) he or she maintains was

called. Further, the exclusion request must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and be personally signed by the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class.

13. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Monitronics or any of the other Released Parties.

14. All Settlement Class Members who do not timely and validly request exclusion shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against Monitronics or any of the other Released Parties.

15. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and plaintiffs shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

**Objections**

16. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the Incentive Awards to the Class

Representatives must submit to the Court a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney consulted as to such objection; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator postmarked on or before February 18, 2018. The Court will only consider objections and any supporting papers that are filed in writing with the Clerk of this Court and served on the Settlement Administrator by this date.

17. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard in opposition to the approval of the Settlement, the request for attorneys' fees and expenses, or the request for incentive awards to the Class Representatives will be heard, unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

18. Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have

waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

## Final Approval Hearing

19.   The Rule 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on May 17, 2018 at 10:00 am in the North Courtroom, United States Courthouse, 1125 Chapline Street, Wheeling, West Virginia, for the following purposes:

(a)   to finally determine whether the applicable prerequisites for settlement class action treatment under Rules 23(a) and (b) are met;

(b)   to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)   to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)   to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e)   to consider the application for Incentive Awards to the Class Representatives;

(f)   to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g)   to rule upon such other matters as the Court may deem appropriate.

20. On or before January 18, 2018, Class Counsel shall file any application for Incentive Awards to the Class Representatives as well as any application for an award of attorneys' fees and expenses. Class Counsel shall upload their application to the Settlement Website within twenty-hour hours after filing it with the Court.

21. On or before fourteen days prior to the Final Approval Hearing, Class Counsel shall file a motion for final approval and any response to any objections.

22. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

23. For clarity, the deadlines the Parties shall adhere to are as follows:

| | |
|---|---|
| **Class Notice Completed by:** | November 18, 2017 |
| **Motion for Attorney Fees and Incentive Awards:** | January 18, 2018 |
| **Objection/Exclusion Deadline:** | February 8, 2018 |
| **Claim Deadline:** | February 18, 2018 |
| **Final Approval Submissions:** | May 3, 2018 |
| **Final Approval Hearing:** | May 17, 2018 at 10:00 am in Wheeling |

24. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Further Matters**

25. All proceedings in this case, except those actions set forth in the Settlement Agreement and this Order shall be stayed pending further order of this Court.

26. In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

27.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: September 18, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE