IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
JUL 16 2018
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

| | |
|---|---|
| IN RE: MONITRONICS INTERNATIONAL, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | MDL No. 1:13-MD-02493-JPB-JES |
| This document relates to: All non-class action cases | PLAINTIFF VINCENT LUCAS'S RESPONSE TO POSITIONS OF MONITRONICS INTERNATIONAL, INC., AND CLASS COUNSEL AS TO THE CONTINUATION OF THIS MDL [Doc. 1223] |

## MONITRONICS' AND CLASS COUNSEL'S POSITION STATEMENT WAS NOT SERVED UPON ALL PARTIES

As an initial matter, there is no evidence that the Position Statement (Doc. 1223) was served upon several *pro se* litigants who do not receive notice through the CM/ECF system. Doc. 1223 at 12 (Certificate of Service stating that the document was served only by filing through the CM/ECF system.); NEF for Doc. 1223 (stating that electronic service was not made upon Plaintiffs Reo, Cunningham, and Dobronski). These *pro se* litigants have the right to notice and the opportunity to be heard regarding all matters pertaining to their cases, and the Position Statement plainly is highly pertinent to their cases.

**I. This Court has no jurisdiction over my case**

*This Court must either make a ruling on my Motion to Remand to state court or must suggest remand to the Southern District of Ohio, before it takes any other action with respect to my case*

More than a year ago, I filed a Motion to Remand to state court on the grounds that Monitronics' removal to federal court did not comply with federal statute and therefore was fatally defective. Doc. 20 of *Lucas v. Monitronics Int'l., et al.*, No. 5:17-cv-157-JPB-JES. My case was

1

transferred to the MDL on Oct. 17, 2017, and my Motion to Remand has been stayed pending a ruling on the class action settlement.

A court without jurisdiction has no authority to make any pre-trial decisions whatsoever --- no matter how convenient it might be for Monitronics --- except to make a decision that it lacks jurisdiction or transfer the case to another court which will make that decision. "[J]urisdictional issues should be decided as soon as practicable." *Strategic Assets, Inc. v. Federal Express Corp.*, 190 F. Supp. 2d 1065, 1066-7 (M.D. Tenn. 2011) (citing *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629 (6th Cir. 1992); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). In the removal context, "[t]he forum for suit ought to be settled at some time early in the litigation." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) (quoting *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986)). "[A] district court's first obligation is to determine whether the court has subject matter jurisdiction." *Strategic Assets*, 190 F.Supp.2d at 1067. "No matter how desirable respondents feel it may be to consolidate [into an MDL] all litigation", a federal court cannot keep a case in an MDL "unless the district court properly has jurisdiction." *Bancohio Corporation v. Fox*, 516 F. 2d 29, 32 (6th Cir. 1975).

This Court should have decided motions to remand to state court promptly as cases came into the MDL. Instead this Court stayed the motions and – contrary to the removal statute -- kept in its clutches cases over which it completely lacks jurisdiction. My case is not the only one. One of Plaintiff Worsham's cases has been in the clutches of this MDL despite the fact that this Court utterly lacks jurisdiction. Worsham brings only state law claims and specifically disavows any federal claims, and his motion to remand has been pending for nearly two years. MDL Doc. 730. Due to the extraordinarily long delays in this case, Plaintiff Reo seeks leave to amend his complaint

2

to remove all federal claims and remand to state court. His motion has been pending for 1 1/2 years. MDL Doc. 904.

If this Court does not wish to make a ruling on my Motion to Remand, the Court's only other permissible choice is to suggest to the JPML remand of my case to the Southern District of Ohio so that court can decide the motion.

A. I have not sought an enlargement of the deadlines because this Court has no jurisdiction over my claims

Monitronics has stated that "No remaining plaintiff sought to establish 'good cause' under [the Case Management] Order" for enlarging the deadlines in the Case Management Order. Doc. 1223 at 7. However, based on my position that this Court does not even have jurisdiction over my case, it would be inappropriate for me to make other pretrial motions until this Court has made a decision on my Motion to Remand. Jurisdiction must be decided before anything else. Another reason why I have not sought to "establish 'good cause'" is because this case has been stayed by this Court for the entire time that my case has been part of the MDL.[1] If this Court denies my Motion to Remand, I will decide what further motions should be filed.

II. This Court can file a suggestion of remand with the JPML even if all pre-trial proceedings have not concluded

The MDL statute, 28 U.S.C. § 1407(a), states that "Each action so transferred [to an MDL] shall be remanded by the panel at <u>or before</u> the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." (Emphasis

---

[1] Except perhaps for the brief period of time after this Court entered final judgment approving the class settlement. However, this Court has not entered an order announcing that the stay is lifted.

added.) Thus, any case may be transferred by the JPML back to the originating court at any time before the conclusion of pretrial proceedings, even if pretrial proceedings are not complete. If MDL consolidation no longer serves the "convenience of parties and witnesses" or "the just and efficient conduct" of litigation, 28 U.S.C. § 1407(a), the cases should be transferred back to the originating court.

Procedurally, this Court can initiate remand before the conclusion of pretrial proceedings by filing a suggestion of remand with the JPML. JPML Rule 10.1(b)[2] ("Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court <u>at any time</u> by filing a suggestion of remand with the Panel." (emphasis added)); Rule 10.2(a) ("Upon the suggestion of the transferee judge or the Panel's own initiative, the Clerk of the Panel shall enter a conditional order remanding the action or actions to the transferor district court.")

Of course, regardless of whether the remaining cases are remanded, this Court would retain jurisdiction over the class action settlement. *See* 28 U.S.C. § 1407(a). (Cases that have been terminated in the MDL do not get transferred back to the originating court.) Thus, Class Counsel's argument for continuing the MDL has absolutely no bearing on whether the individual plaintiff cases should remanded. Class Counsel provides no reason why this Court should "retain jurisdiction over the [non-class action] cases during the pendency of settlement proceedings." Position Statement (Doc. 1223) at 9.

---

[2] http://www.jpml.uscourts.gov/sites/jpml/files/Panel%20Rules-Index_Copy_Rev-5-23-2018_Effective-10-4-2016_.pdf

4

### III. This Court must unseal the memoranda pertaining to Monitronics' Motion for Summary Judgment, and must give all remaining parties the ability to see the exhibits

Monitronics does not want remand until this Court decides its Motion for Summary Judgment. However, I have not even been permitted to <u>see</u> the memoranda in support of and opposition to its Motion for Summary Judgment, or any of the exhibits submitted regarding the motion, despite the fact that I requested a copy from Class Counsel Johnathan Marshall. In fact, I have not even been permitted to see Monitronics' and Class Counsel's arguments for <u>why</u> these memoranda and exhibits should be sealed and kept inaccessible even to parties to this case. The Motions to Seal are also not accessible to me in PACER. The reason for sealing is also not apparent from this Court's Order granting the motion to seal. Docs. 1026, 1045. A District Court errs "by failing to state findings or conclusions which justify nondisclosure [of court documents] to the public." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983). I can fathom no valid reason to keep even the <u>arguments</u> pertaining to the motions a secret from the public and the parties. Based on the existing Protective Order (Doc. 27), the memoranda would need to be considered "CONFIDENTIAL – ATTORNEY'S EYES ONLY", since the parties (including myself) have the right to see materials that are merely "CONFIDENTIAL". Doc. 27 at 8 ¶ 4.2.1.

As a matter of fundamental due process, I have the right to not only see, but also to fully participate in, any motion that is relevant to my case. Obviously I have not been able to participate in the motion since I have not even been permitted to see the memoranda and exhibits in support of the motion. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The dispositive motion cut-off date and the briefing cut-off date on Monitronics' MSJ occurred long before my case was even added to this MDL. I have not even been told what the contents of

5

the MSJ exhibits are, but I presume that they include affidavits, depositions, and other testimony. The right to know who is giving testimony against my claims, the contents of that testimony, and the right to confront and cross-examine those testifying against my claims is a fundamental due process right. "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970). Class Counsel is not my attorney and I have the right to represent my interests on my own behalf or through counsel that I appoint.

I have no doubt that Monitronics believes that it is "convenient" for this Court to decide its Motion for Summary Judgment without letting the individual Plaintiffs see documents relevant to their motion. Monitronics wants summary judgment in their favor based on secret arguments, secret witnesses, secret testimony, secret documents, secret exhibits. Judicial decisions based on testimony and evidence kept secret from the parties is what is done in North Korea. It is not what we do in the United States.

Another reason for unsealing the memoranda and evidence regarding the Motion for Summary Judgment is because this case is of great public interest, and the seal violates "the freedom of speech and press" and "common law presumption of access to court documents." *Brown & Williamson, supra*; *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). A substantial percentage of U.S. homeowners, probably the majority, have been affected by the wrongful actions of the defendants. This case likely involves millions of unlawful calls. The public and the press have a substantial interest in the arguments for and against summary judgment for Monitronics, and the pertinent evidence. The fact that the evidence might embarrass Monitronics is not a valid reason to keep it sealed. "Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption

in favor of public access to court proceedings and records." *Brown & Williamson*, 710 F.2d at 1179 (citing *Joy v. North*, 692 F.2d 880 (2d Cir.1982)). "Indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know." *Brown & Williamson*, at 1180.

> The Supreme Court's historical argument is based on policy considerations developed in the past that remain valid today. First, public trials play an important role as outlets for "community concern, hostility, and emotions." *Richmond Newspapers [Inc. v. Virginia]*, 448 U.S. [555,] 571, 100 S.Ct. at 2824 [(1980)]. When judicial decisions are known to be just and when the legal system is moving to vindicate societal wrongs, members of the community are less likely to act as self-appointed law enforcers or vigilantes. "The crucial prophylactic aspects of the administration of justice cannot function in the dark; no community catharsis can occur if justice is `done in a corner [or] in any covert manner.'" *Id.* at 571, 100 S.Ct. at 2824.
> Second, public access provides a check on courts. Judges know that they will continue to be held responsible by the public for their rulings. Without access to the proceedings, the public cannot analyze and critique the reasoning of the court. The remedies or penalties imposed by the court will be more readily accepted, or corrected if erroneous, if the public has an opportunity to review the facts presented to the court. In his concurrence, Justice Brennan emphasized this link between access to the courtroom and the popular control necessary in our representative form of government. *Id.* at 592, 100 S.Ct. at 2835. Although the federal judiciary is not a majoritarian institution, public access provides an element of accountability. One of the ways we minimize judicial error and misconduct is through public scrutiny and discussion.
> Finally, Justice Brennan points out that open trials promote "true and accurate fact finding." *Id.* at 596, 100 S.Ct. at 2838. *See also, Globe Newspaper Co. v. Superior Court, etc.*, 457 U.S. 596, 607, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248 (1982). When information is disseminated to the public through the media, previously unidentified witnesses may come forward with evidence. *See In Re Oliver, supra*. Witnesses in an open trial may be less inclined to perjure themselves. Public access creates a critical audience and hence encourages truthful exposition of facts, an essential function of a trial.
> * * *
> The policy considerations discussed in *Richmond Newspapers* apply to civil as well as criminal cases. The resolution of private disputes frequently involves issues and remedies affecting third parties or the general public. The community catharsis, which can only occur if the public can watch and participate, is also necessary in civil cases. Civil cases frequently involve issues crucial to the public — for example, discrimination, voting rights, antitrust issues, government regulation, bankruptcy, etc.

> The concern of Justice Brennan that secrecy eliminates one of the important checks on the integrity of the system applies no differently in a civil setting. In either the civil or the criminal courtroom, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption.

*Brown & Williamson*, at 1178-9.

All remaining parties must be given full access to the memoranda pertaining to Monitronics' Motion for Summary Judgment. Each remaining party must be given full access to the exhibits that Monitronics wishes to use against that party in their Motion. Any of Monitronics' exhibits that a party is not given access to must be excluded from consideration by this Court when deciding the motion with respect to that party. Each individual remaining party must be given access to the exhibits submitted by Class Counsel that are relevant to the individual claims.

## IV. Remaining individual plaintiffs must be given access to *all* discovery relevant to their claims, including discovery that has heretofore been sealed or designated ATTORNEY'S EYES ONLY

Under the Protective Order (Doc. 27), *pro se* parties do not have the right to see discovery designated CONFIDENTIAL – ATTORNEY'S EYES ONLY. Doc. 27 ¶ 4.3. "Outside counsel" may see such discovery, *id.* ¶ 4.3.2, but the parties may not. Not allowing *pro se* parties access to discovery relevant to their claims fundamentally violates due process, and the statutory right to represent oneself, and defeats one of the main purposes of MDL consolidation: common discovery.

All *pro se* plaintiffs and counsel for individual plaintiffs must be given access to all discovery relevant to their individual claims regardless of whether the discovery has previously been sealed or designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

### V. Most of Pre-Trial Order #4 should be vacated. All individual litigants must be allowed to fully participate in this litigation

Up to this point, individual litigants have been treated as second-class citizens. Under Pre-Trial Order #4 (Doc. 169), individual litigants are not permitted to file motions except through Class Counsel or by leave of Court only upon showing of "good cause." *Id.* at 4. Individual litigants were not permitted to propound discovery except through Class Counsel. *Id.* Whatever the merits of the order might have been before, it is plainly inappropriate at this point. Class Counsel does not represent the plaintiffs who opted out of the class settlement and has no incentive at this point to represent their interests.

If the MDL is continued, Pre-Trial Order #4 must be substantially vacated and all remaining individual litigants must be given the right to file motions on their own, obtain discovery relevant to their specific claims, and to fully participate in this litigation. If that would impose too much a workload burden on this Court, then the MDL no longer serves the "just and efficient conduct" of litigation, and this Court should suggest recommend remand to JPML.

### VI. Continuation of the MDL provides particular difficulties for cases like mine that were added late

When my case was added to the MDL, the discovery cut-off date and dispositive motion cut-off date had already expired, and my case has been stayed during the entire time my case has been in the MDL. As a result, I have not been able to do any discovery specific to my case. I haven't been able to participate in Monitronics' Motion for Summary Judgment. The case deadlines need to be adjusted for my case. However, it would be unfair to the other plaintiffs to hold up their cases in order to address the needs of my case.

### VII. For individual (non-class action) litigants, the MDL has not served the just and efficient conduct of litigation, except for the common discovery, which has concluded

Justice delayed is justice denied. Under that standard, the MDL has denied justice. This Court has let motions to remand to state court languish for a year or more, keeping in MDL's grasp cases that this Court has no jurisdiction over. The Court stayed the MDL pending Supreme Court consideration of *Spokeo* and *Campbell-Ewald*, although *Campbell-Ewald* plainly has no relevance to the non-class action cases and *Spokeo* has no relevance to cases like mine that allege actual injury. The Court stayed the individual cases for months pending a final decision on the class settlement, including cases like mine for which the class settlement has absolutely no relevance because the plaintiff opted out. As a result of the delays in this litigation, Monitronics and Alliance Security have continued their unlawful conduct for years while this litigation has been pending, thus denying justice for those who simply want the calls to stop.

The only benefit of the MDL I see for the individual litigants is access to the common discovery. However, the common discovery phase has concluded. Individual litigants can be given access to the common discovery without continuing the MDL, and the originating district court can preside over case-specific discovery. For example, in *In re A.H. Robins Co., Inc.*, 610 F. Supp. 1099, 1100 (J.P.M.L. 1985), the JPML denied transfer of new cases into the MDL because the discovery in the MDL was concluded, and the common discovery "can be made available to the parties" in the new actions, *id*, and hence the parties would not be subject to "duplication of discovery", *id.*

### VIII. Forcing a "global settlement" is not a convincing reason to continue the MDL

Monitronics' least convincing argument for continuing the MDL is in order to attempt a "global resolution" of the individual plaintiff cases. Position Statement (Doc. 1223) at 8. The

10

Federal Rules do not provide a mechanism for Monitronics to force individual litigants into a global settlement, and I will not be strong-armed into a settlement that I find unsatisfactory. There is no substitute for negotiating with each of the individual remaining plaintiffs. If Monitronics were interested in a fair settlement with me, they could have been negotiating with me during the time that this case has been stayed, but Monitronics has made no effort to negotiate with me while my case has been in the MDL.

## Conclusion

This memorandum points out numerous practical difficulties in continuing the MDL. My case should not even be in federal court, let alone in this MDL. However, even assuming *arguendo* that my case will remain in federal court, there is no benefit to keeping my case in the MDL. I have not been allowed to participate in the Monitronics Motion for Summary Judgment. Thus, it would be fundamentally unfair, and a violation of due process, for the Court's decision on that motion to be applied to my case. Common discovery concluded before my case was added to the MDL. If my case is remanded, I can be given access to the common discovery and the Ohio district court can preside over discovery specific to my case and any case-specific pretrial motions.

The drawbacks of continuing the MDL are apparent. Handling the individual needs of the individual remaining cases would put a heavy workload on this Court. Moreover, individual plaintiff cases have suffered unnecessary, extremely lengthy delays due to their inclusion in the MDL. Unnecessary in the sense that the delays would not have occurred in the individual cases if they were not part of the MDL or if this Court did not subordinate the needs of the individual cases

to the needs of the class actions. The history of this case gives me little confidence that such delays will not continue to occur if the individual cases are retained in the MDL.[3]

Respectfully submitted,

Vincent Lucas
P.O. Box 272
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff

## CERTIFICATE OF SERVICE

I certify that on July 16, 2018, I filed the foregoing with the Clerk of Court by fax transmission and that upon filing a copy of the foregoing shall be sent to all persons registered to received electronic notice via the CM/ECF system. In addition, I served the foregoing by electronic mail upon Bryan Anthony Reo (breo08@jcu.edu) and Craig Cunningham (projectpalehorse@hushmail.com), and by first class U.S. mail upon Mark W. Dobronski, P.O. Box 85547, Westland, MI 48185-0547.

s/Vincent Lucas

---

[3] The Rhode Island bankruptcy court has requested a status report on this case from me by Sept. 28, 2018. That bankruptcy court has stayed my cause of action for equitable subordination of Monitronics' claim against Alliance Security to my claim against Alliance Security, pending the outcome of this case. During oral argument, Monitronics' attorney told the bankruptcy court that this case would be remanded as soon as this Court made a decision approving the class action settlement. Monitronics argued that the bankruptcy court should abstain from considering my equitable subordination claim.