UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT
(TCPA) LITIGATION                                              MDL No. 2493

(SEE ATTACHED SCHEDULE)

CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. § 1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Northern District of West Virginia.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Northern District of West Virginia with a stipulation or designation of the contents of the record to be remanded.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

Jul 09, 2019

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

IN RE: MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT
(TCPA) LITIGATION                                        MDL No. 2493

### SCHEDULE FOR CRO

| TRANSFEREE | | | TRANSFEROR | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| WVN | 1 | 15−00059 | CAC | 2 | 14−08880 | Newton Vaughan v. Versatile Marketing Solutions, Inc. et al |
| WVN | 1 | 15−00137 | CAC | 2 | 15−02644 | Lawrence Tarizzo v. Alliance Security Inc. |
| WVN | 1 | 16−00035 | CAN | 5 | 16−00456 | Corralez−Estrada−Diaz v. Alliance Security Inc. |
| WVN | 1 | 16−00133 | FLM | 8 | 16−01306 | Wagy v. Monitronics International, Inc. et al |
| WVN | 1 | 15−00161 | FLS | 1 | 15−22862 | Newhart v. Monitronics International, Inc. et al |
| WVN | 1 | 16−00129 | FLS | 9 | 16−81313 | Meyers v. Alliance Security, Inc. |
| WVN | 1 | 17−00138 | MIE | 2 | 17−12471 | Dobronski v. Alliance Security, Inc. d/b/a AH Security et al |
| WVN | 1 | 16−00014 | MIW | 1 | 16−00019 | Frazer v. Alliance Security, Inc. |
| WVN | 1 | 16−00036 | NJ | 1 | 16−00130 | GERACI v. ALLIANCE SECURITY, INC. et al |
| WVN | 1 | 14−00215 | NYE | 1 | 14−04410 | Bank v. Alliance Security Inc. et al |
| WVN | 1 | 15−00238 | OHN | 1 | 15−02572 | Reo v. Alliance Security, Inc. |
| WVN | 1 | 15−00100 | PAW | 2 | 15−00185 | ABRAMSON v. ALLIANCE SECURITY, INC. |
| WVN | 1 | 14−00087 | TXS | 3 | 14−00153 | Finklea v. Monitronics International, Inc., et al. |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

IN RE:    **Monitronics International, Inc.**
          Telephone Consumer Protection Act Litigation    **No. 1:13-MD-02493**

### ORDER AND SUGGESTION OF REMAND

This Multidistrict case was created by the United States Judicial Panel on Multidistrict Litigation by Order entered December 19, 2013, and was assigned to the Honorable Irene M. Keeley. On June 2, 2016, this case was reassigned to the undersigned judge.

Generally, the allegations in this matter are that the defendants made telephone calls in violation of the Telephone Consumer Protections Act by or on behalf of Monitronics International, Inc., to effectuate the sales of home security monitoring products or services.

With respect to the lead defendant, Monotronics, in mid-2017, Monitronics reached an agreement with a nationwide opt-out class of recipients of telemarketing calls allegedly made by Monitronics, an Authorized Dealer or a lead generator or sub-dealer between May 18, 2007 and June 12, 2018, the date of this Court's Final Approval Order. Judgment was entered on July 2, 2018, [Doc. 1222]. The settlement became effective on September 17, 2018, and settlement funds were distributed in October 2018.

As of April 18, 2019, there remained $1,375,951.50 in the Settlement Fund due to uncashed settlement checks, representing 32,490 checks sent to settlement class members. These checks may no longer be cashed as having become void due to the

1

passage of time. Checks were issued to all 324,333 settlement class members who submitted valid claims on October 17, 2018, meaning that the checks were void unless cashed by April 15, 2019.

Approximately 292,000 Settlement Class Members who submitted valid claims cashed the checks issued to them. This Court has determined that it would be administratively feasible to redistribute the funds from the uncashed checks from the Settlement Fund to those settlement class members who cashed their checks from the first distribution giving consideration to, among other things, the costs of printing the checks, mailing them, and monitoring their status. This process is expected to be complete by approximately November of this year.

The other significant defendants in this matter, in addition to Monitronics, include:

Alliance Security, Inc.

Versatile Marketing Solutions, Inc.

UTC Fire & Security Americas Corporation, Inc.

Honeywell International, Inc.

Alliance Security, Inc., entered and remains in Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Rhode Island, In re: Alliance Security, Inc., Case No. 17-11190. Accordingly, any claims against Alliance would have to be pursued in the Chapter 11 proceeding.

Versatile Marketing Solutions, Inc. is simply the former name of Alliance Security, Inc.

On December 22, 2016, this Court granted summary judgment in favor of UTC Fire & Security Americas Corporation, Inc. and Honeywell International, Inc. and dismissed both

2

entities from these actions. [Doc. 894]. The dismissals were affirmed by the United States Court of Appeals for the Fourth Circuit in a published decision, ***Hodgin v. UTC Fire & Security Americas Corp., Inc.***, 885 F.3d 243 (4th Cir. 2018).

I. As a result of the foregoing, the following cases have been **dismissed** by this Court:

    Hodgin v. Monitronics, 1:13-CV-263 (Western Dist. of Washington, 2:13-CV-321)

    Bennett v. Monitronics, 1:14-CV-34 (Southern Dist. of Alabama, 14-00054)

    Mey v. Honeywell Inter., 1:14-CV-59 (Southern Dist. of W. Va., 2:12-CV-1721)

    Dolemba v. Monitronics, 1:14-CV-66 (Northern Dist. of Illinois, 14-CV-1955)

    Dolemba v. Alliance Security, 1:14-CV-82 (Northern Dist. of Illinois, 14-CV-2701)

    Charvat v. Monitronics, 1:14-CV-162 (Southern Dist. of Ohio, 2:14-CV-1366)

    Mey v. Monitronics, 5:11-CV-90 (Northern Dist. of West Virginia)

II. In the following cases, the plaintiffs opted out of the Monitronics settlement. This Court held mediations in these cases in an effort to resolve the same. Each of the following cases were settled and resolved either prior to or in mediation.

    Giles v. Monitronics, 1:14-CV-20 (Northen Dist. of Georgia, 1:13-CV-3377)

    Fairley v. Monitronics, 1:14-CV-54 (Northen Dist. of Ohio, 1:14-CV-525)

    Cunningham v. Monitronics, 1:14-CV-169 (Middle Dist. of Tennessee, 3:14-CV-769)

    Cunningham v. Monitronics, 1:15-CV-169 (Middle Dist. of Tennesee, 3:15-CV-929)

    Worsham v. Monitronics, 1:15-CV-225 (Dist. Maryland, 1:15-CV-2139)

    Worsham v. Monitronics, 5:16-CV-82 (Dist. Maryland, 1:16-CV-600)

    Worsham v. Monitronics, 5:16-CV-127 (Dist. Maryland, 1:16-CV-1285)

Primack v. Monitronics, 1:16-CV-90 (Northern Dist. of Illinois, 1:16-CV-4069)

Lucas v. Monitronics, 5:17-CV-157 (Southern Dist. of Ohio, 1:17-CV-374)

**III.** The following cases had claims against Monitronics that were **resolved** by the class settlement. An order has been entered dismissing Monitronics from the cases. Accordingly, this Court recommends that these cases be **remanded** to the Court of origination:

Finklea v. Monitronics, 1:14-CV-87 (Southern Dist. of Texas, 3:14-CV-153)

    remaining defendant: Alliance

Bank v. Alliance Security, 1:14-CV-215 (Eastern Dist. of New York, 1:14-CV-4410)

    remaining defendant: Alliance

Newhart v. Monitronics, 1:15-CV-161 (Southern Dist. of Florida, 1:15-CV-22862)

    remaining defendant: Alliance

Wagy v. Monitronics, 5:16-CV-133 (Middle Dist. of Florida, 8:16-CV-1306)

    remaining defendant: Alliance

**IV.** The following cases did not include Monitronics as a defendant. Accordingly, this Court recommends that these cases be remanded to the court of origination:

Beavers v. Gotra, 1:14-CV-64 (Northern Dist. of West Virginia)

    remaining defendants: Jasjit Gotra, Alliance

Vaughan v. John Does 1-10, 1:15-CV-59 (California Central, 2:14-CV-8880)

    remaining defendant: John Does 1-10

Abramson v. Alliance, 1:15-CV-100 (Western Dist. of Pennsylvania, 2:15-CV-185)

    remaining defendant: Alliance

Tarizzo v. Alliance, 1:15-CV-137 (California Central, 2:15-CV-2644)

    remaining defendant: Alliance

Reo v. Alliance, 1:15-CV-238 (Northern Dist. of Ohio, 1:15-CV-2572)

    remaining defendant: Alliance

Frazer v. Alliance, 1:16-CV-14 (Western Dist. of Michigan, 1:16-CV-19)

    remaining defendant: Alliance

Corralez-Estrada-Diaz v. Alliance, 1:16-CV-35 (California Northern, 5:16-CV-456)

    remaining defendant: Alliance

Geraci v. Alliance, 1:16-CV-36 (Dist. New Jersey, 1:16-CV-130)

    remaining defendant: Alliance

Barger v. Alliance, 1:16-CV-105 (Northern District of West Virginia)

    remaining defendant: Alliance

Meyers v. Alliance, 5:16-CV-129 (Southern Dist. of Florida, 9:16-CV-81313)

    remaining defendant: Alliance

Dobrinski v. Alliance, 5:17-CV-138 (Eastern District of Michigan, 2:17-CV-12471)

    remaining defendant: Alliance

**V.**     Upon receipt of an order to remand from the Clerk of the Judicial Panel on Multidistrict Litigation ("MDL Panel") and any joint designation of the MDL 2493 record by counsel or a party, the Clerk of this court is directed to transmit the following to the transferor court: (1) a copy of the member case docket sheet; (2) the entire file for the

member case; (3) the docket sheet for MDL 2493, 1:13-MD-2493; (4) all Pretrial Orders ("PTO") entered in 1:13-MD-2493; and (5) any other filing from 1:13-MD-2493 which the parties jointly designate. It is **ORDERED** that within seven (7) days of the MDL Panel's transmittal of the remand order to this court, the parties shall file a joint designation of any non-PTO filings from 1:13-md-2493.

It is so **ORDERED**.

The court **DIRECTS** the Clerk to send a copy of this Order and Suggestion of Remand to the Clerk of the MDL Panel, counsel of record and any unrepresented party.

It is so **ORDERED**.

**DATED:** June 26, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE